HENRY W. CATLIN *v.* S. W. TAYLOR AND WARREN F. SHATTUCK.

If the plaintiff in a suit appeal from the judgment of a justice of the peace, and afterwards, more than twelve days before the term of the court to which the appeal is taken, in pursuance of the statute, pay the defendant's costs, as allowed before the justice, the effect is the same, as if the judgment appealed from were affirmed by the county court, and the plaintiff is precluded from afterwards prosecuting the same cause of action.

BOOK ACCOUNT. The auditor reported, that the defendant's account against the plaintiff contained, among other charges, one of fifty dollars for manure, and that it appeared, that the manure was sold June 30, 1842, by the defendants to the plaintiff, and was to include the whole quantity made at the defendants' stables between the second day of May, 1842, and the second day of May, 1843, and that the defendants warranted, that there should be at least two hundred and thirty loads in the whole, and that the same number of horses should be kept in the stables during the year, as were kept there the preceding year; and the auditor found, that there was a deficiency in the quantity of manure of eighty-six loads. But the auditor reported, that the plaintiff, previous to the commencement of this action, commenced an action against the defendants for a breach of the same warranty, before a justice of a peace, and that testimony as to the warranty and breach was submitted to the jury, and that the jury returned a verdict for the defendants; that

the plaintiff thereupon appealed, and, more than twelve days before the term of the court, to which the appeal was taken, tendered and paid to the defendants, under the statute, the amount of the defendants' costs in the suit.   The defendants insisted, that the plaintiff was estopped from setting up, in this action, the warranty and breach as a defence against the defendants' claim for the manure ; and the auditor reported, that, if the plaintiff was thus estopped, there was due from the plaintiff to the defendants a balance of $1,23.

The county court,—BENNETT, J., presiding,—rendered judgment for the defendants upon the report; to which decision the plaintiff excepted.

*C. D. Kasson* for plaintiff.

A judgment appealed from is vacated ; and if the case is not entered in the superior court, it works a discontinuance.   At common law a party may discontinue his cause at any time, on payment of cost, and it is no bar to a future action ; and if the proceeding in this case is an estoppel, or bar, it is by virtue of sections 49 and 50 of chap. 26 of the Revised Statutes.   If it is a *bar*, it must be so, either as an *estoppel,* technically, or as a *settlement*, or *composition,* of the claim.   The statute does not, in terms, declare it to be an estoppel, or bar, and the law never *intends* an estoppel.  Nor can the acts of the parties set up a judgment, which has been vacated. All the reasons, which favor the notion of its being a composition, in a case where there is a judgment for damages, fall to the ground, when there is a judgment for costs.   If the party, in whose favor a judgment is rendered for damages, is dissatisfied with the amount, he may himself appeal ; and this will prevent his adversary from barring his action by a tender, or confession.   If he does not appeal, the inference is fair, that he is satisfied ; or it is equivalent to a standing offer to the other party, that, if he will tender the amount, or confess judgment, within the time, it shall be a *satisfaction ;* and if he do so, it ought to be a bar.   But in such case it will be seen, the transaction operates *affirmatively* upon the *claim itself,* like a *retraxit, remittitur,* or *nol. pros.*, at common law.   But in this case the judgment is *negative* as to the *claim,* but affirmative as to the costs only.   The judgment, as such, is vacated by the appeal, and,

it being negative as to the *claim*, there is nothing left for the payment to operate upon, except the costs, and so no grounds of presumption arise, or exist, as in the other case.

*A. Peck* for defendants.

The plaintiff, having sued upon the warranty, is estopped from setting up the same matter in bar of a recovery of the price; as the former verdict and judgment, in the manner the suit was terminated, are conclusive as evidence. Although the appeal technically vacates the judgment, yet the statute,—Rev. St. 174, § 49,—giving the appellant a right to tender or pay to the party, or justice, or to confess judgment, upon the basis of the former recovery, was intended thus to terminate, not only the suit, but the cause of action, and thereby prevent protracted litigation. This construction not only carries out the spirit of the statute, but is most in harmony with analogous proceedings at common law. The termination of a suit, under this statute, is in the nature of a *retraxit* at common law, and is not analogous to a nonsuit, or discontinuance. A nonsuit and discontinuance differ from a *retraxit* in this, that the two former result from the default, or neglect of the plaintiff, and therefore leave the controversy open ; a *retraxit* is a voluntary renunciation of the suit; the two former are *negative*, the latter, ordinarily, is *positive*. In this case the termination of the suit is by a positive act of the plaintiff, in the mode pointed out by statute, which, like a *retraxit*, is a renunciation of the suit and cause of action, and therefore a bar. It is said, a *retraxit* must be entered in court. The answer is, in this case the statute allows it to be done out of court.

The opinion of the court was delivered by

BENNETT, J. The plaintiff brought his action for a breach of warranty, relative to the manure sold, before a justice of the peace, and, upon trial upon the merits, judgment was rendered in favor of the defendants. The plaintiff appealed, and, twelve days before the session of the court, to which the appeal was taken, he paid the defendants' costs. The question is, what shall be the effect of such a state of facts upon the rights of the plaintiff? Is he precluded from farther litigating the same matter in another action ?

The statute provides, that *any party,* having appealed from the judgment of a justice of the peace to the county court, may at any time, not less than twelve days before the session of the court, to which the appeal is taken, tender and pay to the creditor in such judgment, or to his agent, or attorney, the amount of the judgment, with twelve *per cent.* interest, or may leave the amount with the justice, who rendered the judgment; and, if he does not do this, he may tender a confession,—which it is made the duty of the justice to record; and in either event, there shall be no affirmation of the original judgment in the county court.

We think the appellant, whether plaintiff, or defendant, has a right to put an end to the suit in the manner pointed out in the statute. If a confession of judgment is given, it is quite clear, that the effect must be the same upon the matter in controversy, as if the original judgment had not been suspended by the appeal. If, instead of confessing judgment, the appellant pays the judgment, this, in a certain sense, may be considered as equivalent to an affirmation of the judgment by the consent and act of the parties, and should be regarded as a voluntary renunciation of the right farther to litigate the same matter. If the plaintiff appeals, (as in this case,) and then pays the defendant's costs, we must regard it as an *abandonment* of the cause of action, and as conclusive upon him. This may be in analogy to a *retraxit* at the common law, which is a bar to a second action.

Judgment of the county court affirmed.