## Henry W. Overall v. Lewis Pero.

Where an issue in justice's court was tried by jury, and the justice entered the proceedings thereon in his docket as follows: "After hearing all the evidence, the jurors returned a verdict for plaintiff for the sum of $48.05 and costs of suit. Damages, $48.05; costs, $7.68." — *Held*, That this entry was valid and of effect as a judgment, and sufficient to authorize the issue of an execution thereon.

*Heard October 14th. Decided October 25th.*

Case reserved from the District Court of the Upper Peninsula for the county of Mackinac.

Pero brought action of replevin before a justice of the peace, against Overall, for certain fish nets. Overall justified taking the nets by virtue of an execution issued on a judgment rendered by Mr. Geary, another justice, against Pero, in favor of one O'Mally.

On the trial, the record of this judgment was offered in evidence by defendant. It showed process issued, the appearance of the parties, issue in assumpsit, and the summoning of a jury to try the issue. The justice enters the subsequent proceedings as follows:

"After hearing all the evidence, the jurors returned a verdict for plaintiff for the sum of $48.05, and costs of suit. Damages $48.05 ; costs $7.63. Execution issued March 6th, 1858.

MATHEW GEARY, *Justice Peace.*"

Plaintiff objected to the introduction of this record in evidence, and it was excluded, and judgment rendered against defendant.

The case being brought into the district court by certiorari, that court reserved for the opinion of this court the following question: "Is the entry of the justice of the peace in his docket, in the words and figures of the said record, valid, and of effect as a judgment, and sufficient to authorize the issue of an execution thereon?

*Towle, Hunt & Newberry,* for plaintiff in error:

Where a jury is called in justice's court, the law speaks through the jury, and the justice has no voice or control.— *Comp. L.* §§ 3656, 3773, 3784. The jury are judges both of the law and the fact,— 2 *Doug. Mich.* 120; and the rendering of judgment by the justice is not a *judicial,* but a ministerial, clerical, formal act.— 6 *Hill,* 38; 11 *Me.* 377; 1 *Doug. Mich.* 102. An omission to enter it would be a mere irregularity, and be disregarded if the substance appeared.— 1 *Doug. Mich.* 102; 3 *Mich.* 209; 10 *Wend.* 522; 1 *Hempst.* 50.

But the entry here made was sufficient.— 2 *Doug. Mich.* 98; 2 *Johns.* 181.

*Walker & Russell,* for defendant in error:

Two distinct acts are required of the justice by the

statute (*Comp. L.* § 3773), namely, the entering of the verdict, and the rendering of the judgment thereon, before he is authorized to issue execution. — (*Comp. L.* § 3789). 1 *Doug. Mich.* 502; 3 *Denio,* 72; 6 *Hill,* 38; 1 *Pennington,* 621; *Ibid.* 687. Mandamus will lie to compel the rendering of judgment.—1 *Doug. Mich.* 102.

The case in 2 *Johns.* 181, is overruled by that cited from Denio, and that in 2 *Doug. Mich.* is irreconcilable with 1 *Doug. Mich.* 502; 3 *Mich.* 209; and 1 *Doug. Mich.* 102.

MARTIN CH. J.:

In the case of *Gaines v. Betts,* 2 *Doug. Mich.* 98, the question reserved in this case was directly raised and determined. That decision we regard as based upon sound principle, and as decisive of the question before us.

The case of the *People v. Foote,* 1 *Doug. Mich.* 102, does not involve, in any degree, the question determined in *Gaines v. Betts.* That was a motion for a mandamus, to compel a justice to enter a verdict, and judgment thereon. The motion was granted, on the ground that it was the imperative duty of the justice to enter the verdict, and that after its rendition he had no jurisdiction, except to enter it, and judgment upon it. The effect of the entry of a verdict, and neglect to render judgment, was not involved in that case. If any conflict existed, *Gaines v. Betts,* as the later adjudication, would overrule *The People v. Foote.* They are not, however, in conflict.

The same remark applies to the cases of *Rood v. School District,* 1 *Doug. Mich.* 502, and *Howard v. The People,* 3 *Mich.* 209. They are cases of judgments rendered by justices of the peace upon trial without jury. The question in them was as to the construction and sufficiency of judgment entries actually made. Whatever may be thought of these decisions, they do not involve the question now reserved.

We think that under the rule of *Gaines v. Betts,* as well

as upon principle, the entry of the justice in his docket is valid and of effect as a judgment, and sufficient to author- ize the issue of an execution thereon..

Let it be certified accordingly.

The other Justices concurred.