## COUNTY OF ADDISON,

##### AT THE

### JANUARY TERM, 1875.

##### PRESENT:

Hon. HOYT H. WHEELER,
Hon. TIMOTHY P. REDFIELD, } Assistant Judges.
Hon. JONATHAN ROSS,

---

NATHAN ARMSTRONG AND BETSEY ARMSTRONG, HIS WIFE, *v.* EDMOND COLBY AND DANIEL PALMER.

*Evidence. Retraxit. Judgment. Practice. Deed. Husband and Wife. Pleading.*

A court may properly look into its own docket entries, to see what has been done by it in a case, without requiring proof by the record written out at length, as would be necessary if proof of the proceedings was to be made in another court.

The docket entries in a cause showed a verdict for the defendant, exceptions allowed, and execution stayed, but did not show in express terms, judgment on the verdict. *Held,* that said entries showed the practice of the court to have been, not to make any formal entry of judgment on verdicts, but to treat all verdicts left to stand, as having judgments rendered on them, and to have the record made up accordingly; and in that view, *held* that said entries showed a verdict and judgment for the defendant.

In an action of ejectment tried in the county court, verdict was rendered for the defendant therein, exceptions by the plaintiff allowed, and execution stayed, but no

formal judgment on the verdict was ever entered. Before the case was entered in the supreme court, the plaintiff therein paid the defendant's costs, and the action was no further prosecuted. The proceedings in the case were entered upon the docket, but no formal record thereof was ever made up. *Held,* that such payment of costs was a renunciation of the plaintiff's claim in the action, and was in effect equal to a judgment against her.

*Held,* that the parties in this action, who claimed under the parties in that, were conclusively bound by the proceedings therein.

If the county court err in its rulings upon a question important to the party against whom they are made, and who is cast in the suit, and such rulings are reversed in the supreme court, the supreme court cannot presume that there was something in the case that made such question immaterial; the party claiming that, must show it affirmatively.

A deed described the land thereby conveyed as being in "Lington," in the county of Addison. *Held,* that the name "Lington," was so like the name *Lincoln,* a town in said county, and so unlike the name of any other town in the county, that the deed was properly admitted in evidence, in connection with other evidence showing the situation and circumstances at the time, as tending to show that the *locus in quo* was the land conveyed by the deed.

Husband and wife may join in an action for injury to a close that they own jointly; and the allegation of matter of aggravation merely, although of injuries to the husband alone, would not vitiate the declaration on motion in arrest.

TRESPASS *qua. clau.*  Plea, the general issue, and trial by jury, December term, 1874, PIERPOINT, Ch. J., presiding.

It was conceded that the defendant Palmer had the legal title to lot No. 54, in the first division of lands in Lincoln, in the county of Addison, and that he and his grantors had been in possession of the same for more than forty years.  The defendants claimed that the land in dispute was part of said lot.  The alleged trespasses were committed under the direction of said Palmer.  Simeon Palmer, father of the defendant Palmer, died seised of said lot, and had owned and occupied the same from prior to 1836 up to the time of his death in 1872, and his administrator duly conveyed the same to the said Daniel Palmer.  It was also conceded that the plaintiffs could not recover, unless the plaintiff Betsey Armstrong had the legal title to the *locus in quo.*  To show this, a deed from Stephen Middlebrook, the original proprietor of lot No. 55 in said division, was offered, dated September 29, 1792, duly executed, and recorded in the county clerk's office, conveying all his right in "Lington," in said county, to one Patience Burroughs, to which the defendants objected, but the objection was overruled and the deed admitted in evidence ; to which the defendants ex-

cepted. The will of said Patience, duly probated, was introduced in evidence by the plaintiffs, in which Olmstead Keeler and others were named as residuary legatees; but it did not appear whether her estate was solvent or insolvent; nor whether there was any residuum for said legatees; nor whether any decree of distribution of her estate was ever made by the probate court. It also appeared that said legatees conveyed lot 55 to one Wellington, who conveyed the same to one Simeon Ralph, father of the said Betsey, and that a portion thereof adjoining lot 54, was set off to the said Betsey as one of the heirs of her father. The plaintiffs claimed that the portion so set off to the said Betsey embraced the land in dispute. The court held that the said Betsey had the legal title to that portion of lot 55 set off to her as aforesaid, and so charged the jury; to which the defendants excepted.

The defendants introduced in evidence, against the objection of the plaintiffs, the files and docket entries in an action of ejectment in favor of the said Patience Burroughs against the said Simeon Palmer, to recover possession of the *locus in quo*, whereby it appeared that said suit was returnable to the December term, 1836, of Addison county court, and was tried at the June term, 1837, when a verdict was rendered for the defendant, and the plaintiff took and filed exceptions, and execution was stayed. It appeared from the testimony of the clerk of said court, that no other record than said docket entries had ever been made in that action. The defendants also proved by one Middlebrook that he, as agent of the said Patience, and by her direction, before the then next term of the supreme court, paid the defendant's costs of said suit, and that the exceptions were withdrawn, or not prosecuted, and said suit never entered in the supreme court. The docket entries showed the payment of said costs to the clerk.

The defendants claimed that said judgment was conclusive as between the parties to this suit, in regard to the title to the land in dispute, that the same was in the said Simeon Palmer, and requested the court to so charge, and to direct a verdict for the defendants; but the court held otherwise, and refused to charge as requested, but charged the reverse. To the refusal to charge as

46

requested, and to the charge upon the point of the request, the defendants excepted.

The defendants' evidence tended to show that the line to which they claimed, being the south line of the land in dispute, had been treated and recognized as the dividing line between said lots, by the adjacent proprietors, for more than fifteen years; and as tending to prove this, they offered a certified copy of a quit-claim deed from William W. Pope to said Simeon Ralph and one James L. Stearns, dated October 31, 1855, duly executed and recorded, of a certain piece of land north of the north line of lot 55 as claimed by the defendants, and south of the north line thereof as claimed by the plaintiffs, and which would be a part thereof if the north line was where the plaintiffs claimed, but which was further west than the land in dispute, and not embracing any part thereof. It appeared that said Ralph, at the time of the execution of said deed, was the owner of lot 55. The plaintiffs objected to said deed, and the court excluded it; to which the defendants excepted. The plaintiffs offered testimony tending to show that the *locus in quo* was not included within the original boundaries of lot 54 as originally fenced and occupied by the defendants, and also that the fence between the lots was moved by the defendants within the last fifteen years, over and beyond the original boundary line between said lots as originally fenced and occupied by the defendants, and upon the land claimed by the plaintiffs. It further appeared that the plaintiffs and those under whom the said Betsey claimed, had been in undisturbed possession of lot 55 up to the line as claimed by defendants, for more than fifteen years prior to the commencement of this suit. Except as above, the charge was what the case required. Verdict for the plaintiffs, " on the ground that the fence near the south line, was moved further south within the last twelve years, so that the defendants and their predecessors did not acquire title by possession of the strip of land lying south of the original fence." After verdict the defendant moved in arrest of judgment, for the insufficiency of the declaration.* Motion overruled, *pro forma,* to which the defendants excepted.

* The declaration was not furnished the Reporter.

Armstrong and wife *v.* Colby et al.

*W. W. Rider* and *Dunton & Veasey*, for the defendants.

The deed from Stephen Middlebrook to Patience Burroughs was improperly admitted in evidence. The premises therein described as being in " Lington," cannot be presumed as matter of law to be in Lincoln. The word " Lington " has not the *idem sonans* of Lincoln, and this is the legal test applied to questions of this kind.

The court erred in instructing the jury that the plaintiff Betsey Armstrong had the legal title to that portion of lot No. 55 set off to her as the heir of her father. It being at least doubtful whether " Lington " was intended for Lincoln, this question should at least have been submitted to the jury. *Allen* v. *Ogden & Catlin*, 12 Vt. 9; *Blake & Goodhue* v. *Tucker*, 12 Vt. 39. There was no evidence that Keeler and others, the residuary legatees of Patience Burroughs, acquired title to lot 55 under her will.

The docket entries and files in the suit of ejectment in favor of Patience Burroughs against Simeon Palmer, were properly admitted. *Lowry* v. *Cady et al.* 4 Vt. 504. The fact that exceptions were taken in the suit, does not affect the validity of the judgment. *Walker* v. *King*, 2 Aik. 204 ; *Allen* v. *Hard*, 19 Vt. 606 ; *Tarbell et als.* v. *Downer*, 29 Vt. 339 ; *Howard* v. *Burlington*, 35 Vt. 491; *Pomfret* v. *Barnard*, 44 Vt. 521. The judgment was therefore conclusive between these parties as to the title of the *locus in quo*. *Edwards* v. *Roys*, 18 Vt. 473 ; *Marvin* v. *Dennison et als.* 20 Vt. 662. The deed from Pope to Ralph & Stearns was improperly excluded. *Davis* v. *Judge*, 44 Vt. 500.

The motion in arrest was improperly overruled. The declaration should have set forth the interest of the wife in the *locus in quo*. 1 Chit. Pl. 30, 74; 2 Bl. 1236 ; *Weller &c.* v. *Baker*, 2 Wils. 423–4. A declaration by husband and wife must not include any statement of a cause of action for which the husband alone ought to sue. 1 Chit. Pl. 73 ; *Barnes and wife* v. *Hurd*, 11 Mass. 59 ; *Gazynski and wife* v. *Colburn*, 11 Cush. 10 ; *Meader and wife* v. *Stone et als.* 7 Met. 147. These defects are fatal on motion in arrest of judgment. 1 Chit. Pl. 33, and cases above cited. The last count is defective in that the cause of action therein set forth, is one for which the husband should sue alone.

*R. H. Mardin* and *J. W. Stewart*, for the plaintiffs.

The sole question raised by the exceptions is one of fact, and that is conclusively settled by the verdict. The verdict establishes the fact, that the defendants committed a trespass upon land to which they had no title, and to which the plaintiffs had acquired title. If a party have no paper title covering the land in dispute, fences thereon will not tend to prove an adverse possession beyond the places where they exist. *Smith* v. *Hosmer*, 7 N. H. 436. Where two persons are in possession of distinct portions of the land in controversy, it is well settled that he who has the better right is in constructive possession of all not actually occupied by his adversary. *Hunt* v. *Wickliffe*, 2 Pet. 201. To support a claim by possession where there is no written evidence of title, there must have been an actual occupancy to the extent claimed, by a substantial enclosure. *Livingston* v. *Peru Iron Co.* 9 Wend. 511.

The plaintiffs' cause of action is sufficiently alleged, to withstand the motion in arrest.

The opinion of the court was delivered by

WHEELER, J. As the plaintiffs acquired their title from Patience Burroughs, and the defendants theirs from Simeon Palmer, and the action of ejectment that she brought against him was for the possession of the same land that is in dispute in this action, any judgment in that action would be between parties to whom the parties in this action are respectively privies, and about the same subject matter, and be conclusive upon these parties as to all matters adjudicated in it. The court properly looked into its own docket entries to see what had been done by the court in that action, without requiring proof of the record written out at length, as would have been necessary to make proof of the proceedings in another court. When looked into, the entries show a verdict for the defendant in that action, and do not show in express terms any judgment on the verdict. In some of the county courts in this state, the practice has been not to make any formal entry of judgment on verdicts, but to treat all verdicts left to stand, as having judgment rendered on them, and to have the records made up

accordingly. From the entries made in that action, such appears to have been the practice in that court; for there is an entry of exceptions allowed, and execution stayed, and there could be no execution to be stayed without a judgment on which it could issue. In this view, the docket entries showed a verdict and judgment for the defendant in that action. If that court had certified that such was not the practice there in respect to entry of verdicts and judgments, or that the proof furnished by the entries was disposed of on the ground that by the practice of the court the entries did not show a judgment on the verdict, such a statement might have been conclusive upon this court; but as there is no statement of that kind, the entries are left to have their ordinary effect. But if the entries could not be considered as showing a formal judgment of the court on the verdict, they show that a verdict was rendered for the defendant, and, without treating the entry of payment on the docket as a record of an official act that would be evidence of payment, the defendants' evidence tended to show that the plaintiff therein, after the verdict, paid the defendant his costs of the suit, and did not further prosecute it. In *Catlin* v. *Taylor et al.* 18 Vt. 104, it was held that where a plaintiff, in an action brought by him before a justice of the peace, after judgment of the justice against him, and an appeal by him, paid the defendant his costs, and did not prosecute it further, it was a renunciation of his cause of action, in effect like a retraxit at common law, and equivalent to a final judgment against him in the action. The payment by the plaintiff in that action of ejectment, of the defendant's costs in the action, after verdict for the defendant, was equally a renunciation of her claim in the action, and, with the discontinuance of the proceedings, was in effect equal to a judgment against her. In this view, if there was no question about the payment, the proceedings were conclusive as a judgment; and if there was a question about it, and it should be found by the jury to have been made, they would be likewise conclusive. The judgment in that action, or the proceedings equivalent, if they were had, settled conclusively as between these parties, that Simeon Palmer then had the right as against Patience Burroughs, to the land in controversy. This right, as the case stood, appears

to have continued down to the defendants, as against the plaintiffs, unless it had been lost by adverse possession. The case shows that the plaintiffs' evidence tended to show that this land was not originally fenced and occupied as a part of the defendants' lot, and that they had within fifteen years, moved their fence on to land claimed by the plaintiffs beyond the original boundary line as originally fenced and occupied by them ; that the defendants' evidence tended to show that this land had been treated and recognized as a part of their lot more than fifteen years ; and that the jury found that the defendants had so moved their fence within twelve years, and had not acquired title by possession to the land on to which they so moved it. This finding upon the evidence would doubtless settle that the defendants had not acquired title by possession to that land after they moved their fence on to it, and probably settle that they never acquired title to it by possession at all, but would not settle that the plaintiffs had got title to it by possession after the title had been settled to be in the predecessors of the defendants by the action of ejectment and before they so moved their fence on to it. If, as claimed in argument for the plaintiffs, it had been settled by the verdict that the plaintiffs had so acquired title, the judgment in the action of ejectment would have been of no importance in the case ; but as the case stood, it must have been very important, for it would show conclusively that the predecessors of the defendants had title to the land in dispute at the time when that judgment was rendered, and that the defendants had title to it when they moved their fence on to it, unless the plaintiffs had acquired title to it between the time of that judgment and the time of the removal of the fence. The case may have been tried upon the theory that the plaintiffs had so acquired title, but it does not appear that it was, and; as it does appear that the defendants did not have such effect given to the judgment as they were entitled to, it cannot be presumed that there was something in the case that made the judgment of no importance. If the plaintiffs would have the benefit of any such thing, they should show it affirmatively.

The name, " Lington," set forth in the deed to Patience Burroughs as the name of the town in Addison county in which the

land was situated, is so like the name, *Lincoln*, and so unlike the name of any other town in that county, that there appears to be no error in admitting the deed in evidence, in connection with other evidence showing the situation and circumstances at the time, as tending to show that this lot of land was conveyed by the deed. And further, the fifteen years and more of possession of the plaintiffs' lot, which the case shows appeared, would show that they had title to that lot up to the disputed part, without the aid of that deed.

The deed from Pope to Ralph, a grantor of the plaintiffs, and Stearns, was a quit-claim deed, merely, for which it is not shown that they paid anything, and, even if it had covered the land in dispute, which it did not, would not have shown, nor had any proper tendency to show, but that Ralph owned the land, or claimed to own it, which was the question on which it was offered to bear.

The motion in arrest of judgment assserts that the declaration is insufficient to warrant any judgment for the plaintiffs upon, and the decision upon that motion is to be reviewed in the light of the declaration alone.    It is true, as claimed for the defendants in argument, that, in an action by husband and wife jointly, the declaration must set forth the interest of the wife in the cause of action, and should not set forth as a substantive ground of recovery, anything that would constitute a cause of action of the husband alone to the exclusion of the wife.    This does not mean that the exact estate or interest of the wife in the subject-matter of the action, must be precisely stated, but means that so much must be stated as to show her to be entitled to sue the same, as a declaration in behalf of any plaintiff, or any number of plaintiffs, must show that the plaintiff, or all the plaintiffs, are respectively entitled to sue.    Nor does it mean that matters in aggravation merely, in which the husband is alone interested, may not be set forth in an action by him and wife, but only that he and his wife cannot together recover on any cause of action that accrued to himself alone.    *Russell & wife* v. *Corne*, 2 Ld. Raym. 1031 ; *Todd & wife* v. *Redford*, 11 Mod. 264.    In each count in this declaration, the gist of the cause of action set forth is the break-

ing and entering a close in each count alleged to be the plaintiffs' close. The plaintiffs, although they are husband and wife, might jointly have a close, and this allegation is, in effect, that the close in question was theirs jointly. If it was so theirs, it was hers as much as it was his, and a cause of action for an injury to it, would survive to her if she survived him, and they might sue jointly for such injury. 2 Wils. 424; *Baker & wife* v. *Brereman,* Cro. Car. 418; 1 Chit. Pl. 74; *Brownson* v. *Hull,* 16 Vt. 309. The matters alleged beyond the injuries to the close of the plaintiffs, were in aggravation merely. *Grout* v. *Knapp,* 40 Vt. 163; and, although they may be injuries to the husband alone, would not make the declaration bad on this motion.

Judgment reversed, and cause remanded.