### POLLITZ and others v. SCHELL and others.

*(Circuit Court, S. D. New York. March 19, 1887.)*

**1. JUDGMENT—RES ADJUDICATA—PAYMENT OF COSTS.**

Where, on the trial of a cause, defendant obtains a verdict for costs, which plaintiff pays, this constitutes an acquiescence in the verdict, and a renunciation of the right to further prosecute the claim adjudicated in that suit, and will bar another action thereon, even though no formal judgment be entered on the verdict.

**2. SAME—SETTING ASIDE—REMITTITUR.**

Where plaintiff obtains a verdict for a gross sum, the right to recover a part of which is barred by a former adjudication. the verdict is wrong, and cannot be set aside in part, and allowed to stand for residue. In such a case the motion to set aside the verdict will be granted, unless plaintiff remits the amount awarded on the barred claim, and denied if he enters such *remittitur*

At Law. Action to recover excess of duties.

*Almon W. Griswold*, for plaintiffs.

*Stephen A. Walker*, U. S. Dist. Atty., and *Thomas Greenwood*, Asst. U. S. Atty., for defendants.

WHEELER, J. This cause was tried by jury January 13 and 14, 1886, in October term, 1885, and the trial resulted in a verdict for the plaintiffs for $4,017.61, of which $3,890.99 was for excess of duties and gauger's fees, and interest thereon, exacted by Augustus Schell, defendants' testator, as collector of the port of New York, on an importation of wine made by the plaintiffs from Malaga, Spain, by the brig Gideon, September 1, 1857, and $126.62 was for an excess of duty likewise exacted on an importation of hemp by the brig William Frederic, October 14, 1859. The defendants have moved to set aside the verdict because they say that on the trial of a prior suit in favor of the plaintiffs against their testator in this court on the twentieth and twenty-first days of May, 1859, a verdict was rendered for the defendant on these same claims for excess of duties and fees on the importation by the Gideon, and that the defendants' costs of that suit were taxed and paid. The records of the court show that there was such a suit; that these claims, arising out of the importation by the Gideon, were included in it; that a verdict for the defendant was rendered therein May 21, 1859, but that no formal judgment was entered on the verdict. It is made to appear otherwise

that the defendants' costs of that suit were paid by the plaintiff. This payment of the defendants' costs in that action was an acquiescence in the verdict, a renunciation of the right to prosecute the claims further, and equivalent to a judgment on the verdict as a conclusive bar of the claims. *Catlin* v. *Taylor*, 18 Vt. 104; *Armstrong* v. *Colby*, 47 Vt. 359. In the changes of district attorneys, the fact of this verdict and payment of costs was lost from sight in the district attorney's office, and from lapse of time and other circumstances escaped the memory of the plaintiffs' attorney until after the verdict in this case. All appear to have acted in good faith, and the plaintiffs' counsel does not insist that the plaintiffs should recover the amount allowed on the importation by the Gideon, but has not entered any *remittitur* of that amount, nor taken any steps to relieve the defendants from the effect of the verdict in this respect. The verdict is wrong as it now is, and is for one entire sum covering all the claims involved, and cannot be set aside in part, and left to stand for the residue. The only remedy appears to be a *remittitur* of the amount covered by the former verdict, or setting aside the verdict altogether, and leaving the plaintiffs to a new trial.

Motion to set aside the verdict granted, unless the plaintiffs, within 10 days, enter a *remittitur* of $3,890.99 of the amount thereof, and denied if such *remittitur* is so entered.