HUNTER *v.* JAMES B. CARROLL,
JOANNA CARROLL.

HUNTER *v.* JAMES B. CARROLL.

The fact that the premises and boundaries in a writ of entry are the same as described in a former trespass suit does not show that the matter in issue is the same, or what matters were necessarily determined in the trespass action.

A judgment is conclusive only upon the matter which was directly in issue upon the former trial.

THE FIRST ACTION is a writ of entry to recover possession of a tract of land in Hinsdale. Plea, the general issue. Trial by a referee. The premises and boundaries are the same as described in an action of trespass *qu. cl.*, brought by the plaintiff against the defendant Joanna May 16, 1885, in this court, in which the plaintiff obtained judgment at the April term, 1886. The defendant pleaded the general issue. Joinder by the plaintiff. The defendant also pleaded soil and freehold, to which no replication was ever filed nor issue framed. If the judgment in that suit is conclusive, and establishes the title to the land in the plaintiff, the referee finds that the defendants did disseize the plaintiff of the demanded premises, and awards that she recover the same; otherwise he finds that the defendants did not disseize the plaintiff. The defendant James is the husband of Joanna. He has no title to the demanded premises except such as is derived from his marital relation.

THE SECOND CASE is debt on the statute, to recover treble damages for wilfully and unlawfully throwing down the plaintiff's fence enclosing the same premises demanded in the first action. Plea, the general issue. If the defendant is not concluded by the judgment rendered in the trespass suit, the referee finds that he is not indebted to the plaintiff; otherwise, that he is indebted in the sum of $2.50, and awards that the plaintiff recover that sum.

*Don H. Woodward*, and *Waterman, Martin & Hill* (of Vermont), for the plaintiff.

*Kittredge Haskins* (of Vermont) and *Leonard Wellington*, for the defendants.

CLARK, J. The judgment in the former trespass suit is not conclusive. The record shows only that as between the plaintiff and the defendants the right of possession to the whole or a part of the premises described was in the plaintiff at the time of the alleged trespass. It does not further show what was in issue, or what was the basis of the finding in that suit. A judgment is conclusive only upon the matter which was directly in issue upon the former trial. The fact that the premises and boundaries in the writ of entry are the same as described in the trespass suit does not show that the matter in issue is the same, or what matters were necessarily determined in that action. *Morgan* v. *Burr*, 58 N. H. 470, 472, 473.

In the equity suit reported 64 N. H. 572, the judgment was for the defendant, dismissing the plaintiff's bill. The findings of the referee in that case, set forth in the alternative decree, did not pass into judgment because the plaintiff failed to comply with the conditions of the decree entitling her to judgment on the report.

2 Her. Est. 1423. The report of the referee in the equity case is not competent evidence in this case, no judgment having been rendered upon it. *Fowler* v. *Moore*, 63 N. H. 111; *Pitman* v. *Thompson*, 63 N. H. 73.

<i>Judgment for the defendants on the report.</i>

SMITH, J., did not sit: the others concurred.