## CROSBY v. PITTMAN.

1. Generally it is requisite that a judgment be entered upon a verdict in order that the principle of res judicta may apply and operate as a bar to a future action for the same cause. But where in a suit for land the verdict was adverse to the plaintiff, and in favor of the defendant for a sum due him as rent by the plaintiff, and the record shows that by agreement made at the time the verdict was rendered, whereby the defendant made certain concessions to the plaintiff, the latter voluntarily paid the rent and surrendered possession of the land to the defendant, who remained in possession for a time and then conveyed the land to a third person, who continues in possession of the same, and there is no suggestion that the verdict was ever set aside or modified, or that there was any order for an arrest of judgment, any objection by the plaintiff on account of the failure to enter up judgment will be considered as waived.

2. An assignment of error, which merely alleges that "Plaintiff objected to the introduction in evidence of the verdict, because the same was void, which the court overruled," is too uncertain and indefinite to be considered by this court.

3. The verdict was demanded by the uncontradicted evidence; and the other matters complained of, if errors, were harmless.

Submitted July 4,—Decided November 16, 1907.

Equitable petition. Before Judge Mitchell. Colquitt superior court. December 17, 1906.

This was an equitable petition filed by the plaintiff, Crosby, to enjoin the defendant, Pittman, -from trespassing or otherwise interfering with a certain tract of land alleged to belong to the plaintiff. The defendant claimed the land in dispute, which consisted of about thirty-five acres. The plaintiff and defendant were coterminous-land owners, and the main question in the case was in regard to the location of the boundary line between their respective lots. The defendant alleged in his answer, that in the year 1900 this same thirty-five acres had been the subject-matter of another suit between this same plaintiff and one Isam, defendant's grantor, and that "a verdict was returned into court against the said Crosby and in favor of the said Isam, and a few days afterwards the said Crosby paid to the said Isam the sum of $52.50, being the amount that had been found by the jury against her for rent on said thirty-five acres, '. . and no motion for a new trial was ever made by the said Crosby, and on the contrary she fully acquiesced in the finding of the jury, and from that time until December, 1904, no claim has ever been made by her to said

thirty-five acres." It is conceded that no judgment was ever entered upon said verdict; but the defendant sets up said verdict as a plea in bar to the plaintiff's present action. This was the only issue submitted to the jury, and the jury returned a verdict "in favor of the plea in bar." The plaintiff moved for a new trial upon various grounds. The motion was overruled, and the plaintiff excepted.

. *T. H. Parker* and *W. C. McCall,* for plaintiff.

*Edwin L. Bryan,* for defendant.

BECK, J.    (After stating the facts.)

1. The general rule in regard to estoppel by res judicata is thus stated in the case of *Walden* v. *Walden,* 124 *Ga.* 145: "It has been ruled by this court as settled law that a verdict not followed by a judgment will not serve as such an estoppel, and that it is essential that a judgment be entered on the verdict before the parties will be concluded as to the matters in controversy. *Carstarphen* v. *Holt,* 96 *Ga.* 703; *Mitchell* v. *Mitchell,* 97 *Ga.* 795; *Webster* v. *Mortgage Co.,* 93 *Ga.* 278; *Harris* v. *Gano,* 117 *Ga.* 934." But that this rule is not without some slight limitation is shown by the case of *Webster* v. *Mortgage Co.,* supra, in which it was held that "Where, in the court below and in this court, counsel on both sides have treated the verdict as serving the office of judgment as well as of verdict, any objection on account of the failure to enter up judgment may be considered as waived."

A case involving the same question now under consideration was decided by the Supreme Court of Pennsylvania in Shaeffer *v.* Kreitzer, 6 Binn. 432, where it was said, "No judgment has been entered, but the defendant shewed his acquiescence in the verdict by the payment of costs and delivery of possession. No other case exactly like this has occurred, but it falls within the principle of a verdict and judgment. It appears by the acts of the defendant that no objection was made to the verdict. There was no occasion to enter judgment, because the fruits of a judgment (the costs of suit and possession of the land) were yielded by the defendant and enjoyed by the plaintiff. I am, therefore, of opinion that the former verdict was properly admitted in evidence." This case is cited in 1 Herman on Estop. §469, p. 566, where the rule is stated thus, "When the parties agree, either expressly or by implication, that a verdict shall be final and conclusive as between

them, without the entry of a judgment, it will operate as an estoppel, on proof of the understanding or agreement."

The facts presented by the record before us fall clearly within the rule last announced. It was proved by witnesses in behalf of Pittman, that Crosby paid the amount of rent found by the jury to be due by her to Isam, the defendant in the former suit, that immediately after the trial she surrendered possession of the land to Isam, and that Pittman, who purchased the land from Isam, is now in possession of the same. And these facts are nowhere denied by the plaintiff. Upon this issue the husband of the plaintiff testified as follows: "I represented her [plaintiff] in the litigation which had been conducted heretofore. She was with me when I paid some money. Our attorney told us it went against us, and we had better pay the cost and what they claimed for rent. . . After the trial I paid some money to [P.]. He was representing Isam at that time. They told us we had better pay up. Said the case had gone against us.. That was our lawyer's advice, and we went ahead and settled. . . After the trial Isam took possession of that land. It was two years before I undertook to go back on that land." In addition to the facts already stated, it appears that the agreement to settle the dispute, upon the finding of the jury, without the entry of a judgment, was based upon an additional consideration moving from Isam to Crosby. The evidence upon this point is not altogether clear, the testimony having been very poorly transcribed, and being in part unintelligible. The attorney who represented Crosby in the former suit testified that a part of the land then in dispute was under fence, and a part was not. "The part under fence [presumably the thirty-five acres involved in the present case] had been held by Mrs. Crosby pending the litigation. We agreed that she could pay rent on the land that she held at the rate of $1.50 an acre [this being the rate fixed by the jury]. . . And we who lost the suit should have the land that was not under fence. I told P. [the attorney for Isam] that I would advise my client to pay him that rent. I saw the husband of my client, who was the person with whom I talked most, advised him to do it. We agreed for the decree to be drawn that way. . . I would not like to say that the agreement that my client was to have the land outside of the fence was the only reason that kept me from filing a

motion for new trial in the case. I knew that the court had adjourned, and the jury had gone. I recognized that I could drive home a little contract to my advantage, and did it."

2. The rule announced in the second headnote has been settled by numerous decisions of this court.

3. Under the law as we have stated it above, the verdict was demanded by the evidence in the case, and the other matters complained of, if errors, were harmless.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*