STATE v. BROOKS-SCANLON LUMBER COMPANY AND OTHERS.[1]

May 25, 1917.

Nos. 20,279—(5).

**Finding not res adjudicata — estoppel.**

1. It is the adjudication which makes a finding in a former action *res adjudicata;* and if a finding, without a judgment having been entered, is ever a bar in subsequent litigation, it must be upon an issue in the case where it is made, and there must be something equivalent to an estoppel operating against the party seeking to assert the contrary of it, and it is *held* that the court correctly excluded a finding offered as a bar.

**Cutting state timber — finding sustained.**

2. The evidence sustains the finding as to the amount of timber taken by the defendant by trespass.

Action in the district court for Ramsey county to recover $16,438.42 for timber cut from state land in violation of the terms of a certain logging permit.  The violation of the permit was denied.  The case was partly tried before Stolberg, J., and after his death was tried before Johnson, J., who granted the motions of defendant O'Brien and

[1]Reported in 162 N. W. 1054.

defendant Bonness to dismiss the action as to them, and made findings and ordered judgment for $2,234.40 against defendant lumber company. The motions of plaintiff and of defendant for amended findings were denied. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Lyndon A. Smith,* Attorney General, and *James E. Markham,* Assistant Attorney General, for appellant.

*J. N. Searles* and *R. J. Powell,* for respondent.

DIBELL, C.

Action of trespass. Trial to the court and findings for the plaintiff. Appeal by the plaintiff from the order denying its motion for a new trial.

1. In 1905 the defendant received from the state a permit to cut the pine not less than 8 inches in diameter 24 feet from the ground standing upon a certain school section. The surveyor-general's scale showed 5,026,900 feet. For this quantity the defendant paid. A rescale taken some years later at the instance of the state auditor showed 7,927,-820 feet. The state brought an action to recover the contract price for the difference in quantity of the two scales. The court found that the defendant received only 7,135,038 feet of the size stipulated in the permit, and that 10 per cent of the total scale, or 792,782 feet, were of less size. State v. Brooks-Scanlon Lumber Co. 122 Minn. 400, 162 N. W. 717. The state then brought the pending action in trespass to recover the value of 792,782 feet. The complaint was sustained in State v. Brooks-Scanlon Lumber Co. 128 Minn. 300, 150 N. W. 912.

The state offered in evidence, as *res adjudicata* upon the amount of timber under 8 inches taken from the land, the finding of the court in the former case that 792,782 feet included in the scale of 7,927,820 feet were of less than 8 inches. The court sustained the defendant's objection to the offer and its ruling is assigned as error.

It is the adjudication which operates as a bar and without it a verdict or finding is not of that effect. Schurmeier v. Johnson, 10 Minn. 250 (319); Child v. Morgan, 51 Minn. 116, 52 N. W. 1127; In re Holbert's Estate, 57 Cal. 257; Hunter v. Carroll, 67 N. H. 262, 29 Atl. 639; Harnish v. Miles, 111 Ill. App. 105; Crum v. Rea, 14 Ind. App. 379, 42 N. E. 1033; Gann v. Dearborn Mnfg. Co. 129 Mo. App. 425, 107

S. W. 15; Wilson v. Hubbard, 39 Wash. 671, 82 Pac. 154; 2 Black, Judgments, § 508; 1 Van Fleet, Former Adj. § 27. No judgment was entered in the former case. The appeal was from the order denying a motion for a new trial and there was an affirmance. The affirmance made the law of the case and concluded the rights of the parties in that particular litigation. If in such a situation a finding is ever a bar in subsequent litigation, it must be upon an issue in the case in which it is made, and there must be something equivalent to an estoppel in fact operating against the party seeking to assert the contrary of it. The issue in the former case was upon the amount of timber in the rescale of the size stipulated in the permit and not upon the amount of timber of a smaller size not included in it. This latter question was incidental, of importance only as it aided the determination of the first, and in its findings the court expressly negatived its presence in the case as an issue. On appeal the defendant, fearing that in a subsequent action for trespass the finding might be urged as a bar, sought to assail it. The state objected, asserted that the finding would not conclude the defendant, and took the benefit of an affirmance; and in the opinion of this court, in answer to the suggestion of the defendant, said that the finding would not conclude it in a subsequent controversy. In no permissible view of the record was there anything in the nature of an estoppel operating against the defendant. The finding did not conclude it, and the ruling was correct.

2. The court found that 2,660 trees of less than the size fixed by the permit, containing 107,000 feet, were taken by the defendant. The state assails the finding. It is fully sustained. A finding in accord with the contention of the state could hardly be sustained.

Order affirmed.