## G. M. HUTTON v. CATHERINE BOUCHER.[1]

November 2, 1923.

No. 23,551.

**Action of unlawful detainer not barred by prior action not reduced to judgment.**

Findings of fact and conclusions of law, which have not ripened into judgment, *held* not a bar to a subsequent action.

Action in the municipal court of Minneapolis in unlawful detainer. The case was tried before Nordbye, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Selover, Schultz & Mansfield,* for appellant.

*R. E. Plankerton* and *C. B. Elliott,* for respondent.

STONE, J.

Appeal by defendant from judgment of ouster entered by the municipal court of Minneapolis in an unlawful detainer action. Defendant is in possession of the real estate involved as the assignee of the vendee under an executory contract of sale wherein plaintiff is the vendor.

Defendant admittedly is in default because of her nonpayment of several instalments of the purchase price. Because of such default there has been a prior attempt to cancel the contract and oust her from the premises. A notice of cancelation was served, and an unlawful detainer action commenced against her. It resulted in a decision in her favor because of her successful assertion of the defense that plaintiff himself was in default under the contract, having failed in the performance of certain covenants, the performance of which was a condition precedent to defendant's obligation to pay.

[1]Reported in 195 N. W. 495.

Subsequently, defendant's default continuing, another notice of cancelation was served. Again, it was ignored by defendant, and this action followed. The only defense attempted to be proved was the result of the former suit which was claimed to bar this one. The only proof offered was the decision. It consisted of the conventional findings of fact and conclusions of law, upon which judgment has never been entered. At least no attempt was made to prove such a judgment.

The offered proof was excluded and that ruling is the only error assigned here. Obviously, it was correct. "It is the adjudication which makes a finding in a former action res adjudicata" and a bar. Such a finding which has not ripened into judgment is not a bar in a subsequent action. State v. Brooks-Scanlon Lumber Co. 137 Minn. 71, 162 N. W. 1054; 2 Dunnell, Minn. Dig. § 5164. That rule must apply in every case, unless the entry of judgment has been prevented by action of the adverse party or the court in such manner that it would be inequitable not to give to the one entitled thereto the benefit of the bar or estoppel which would attend the judgment when entered.

Judgment affirmed.