# HERBERT G. MILLER v. PERRY SIMONS AND OTHERS. RICHARD MILLER, RESPONDENT.[1]

July 3, 1953.

No. 35,931.

*Robb, Robb & Van Eps* and *Lucius A. Smith,* for appellants.
*Swensen, Anderson & Miley,* for respondent Richard Miller.
*Sawyer & Lampe,* for plaintiff-respondent.

[1]Reported in 59 N. W. (2d) 837.

DELL, JUSTICE.

This is an appeal from orders granting the separate motions of plaintiff and defendant Richard Miller to strike a portion of the joint answer of defendants Perry Simons and Bryan Construction Company.

On December 19, 1950, a collision occurred between two trucks about two miles east of the city of Northfield, in Rice county, Minnesota, on the Wall Street road. One truck, owned by defendant Bryan Construction Company, was being driven in an easterly direction by defendant Simons. The other truck, owned by plaintiff, was being driven in a westerly direction by defendant Richard Miller, and plaintiff was riding in this truck. Plaintiff instituted this action against the defendants to recover for personal injuries resulting from the collision. In his complaint he alleged that defendant Simons was negligent in operating the truck at the time of the collision and that Simons, in driving said truck, was the agent of defendant Bryan Construction Company. The defendants Simons and Bryan Construction Company in their answer admitted that at the time of the collision Simons was driving the truck as the agent of Bryan Construction Company. They denied that they were negligent and alleged that the collision occurred because of the negligence of plaintiff and the negligence of defendant Richard Miller who they alleged was the agent of plaintiff in the operation of his truck. As an affirmative defense, they alleged facts which they claim set forth the defense of estoppel by verdict. The allegations are in paragraph VIII of the answer.[2]

_____

[2] "VIII.

"Allege that heretofore and prior to the first day of May, 1951, each of these answering defendants severally commenced action for injury and damage by them severally sustained against this plaintiff and against the said Richard Miller in the District Court in and for the County of Rice, State of Minnesota. That said action was based upon allegations in the complaint that the collision referred to by the plaintiff in this action resulted in injury and damage to the several plaintiffs aforesaid and that said collision and said injuries and damage were the direct and proximate result of the careless and negligent conduct of this plaintiff and of the said Richard Miller. That both this plaintiff and the said Richard Miller ap-

Issue having been joined, plaintiff and defendant Richard Miller made separate motions to strike paragraph VIII of the answer of the defendants Simons and Bryan Construction Company upon the ground that it was insufficient to constitute a defense. The court granted the motions and the paragraph was stricken.

From the record it appears undisputed that the action instituted by the Bryan Construction Company referred to in paragraph VIII of the answer was tried and resulted in a verdict against both the plaintiff in this action and defendant Richard Miller for the sum of $1,300, the verdict being returned on May 23, 1951. On June 1 the attorneys for the Millers wrote a letter to the attorneys for Bryan Construction Company informing them that they did not anticipate making a motion for a new trial and requesting information as to the amount required in order to close out the case. On June 4 the attorneys for the Bryan Construction Company wrote to the attorneys for the Millers stating that the amount of the verdict and costs was $1,374.05. The letter itemized the costs, including witness, clerk, and sheriff fees. On June 7 the attorneys for the Millers sent a letter to the attorneys for the Bryan Construction Company and enclosed a draft of the Mutual Service Casualty Insurance Company, the Millers' insurer, for $1,374.05 in full payment of the verdict and costs. Also enclosed was a re-

peared generally in each of said actions and severally denied negligence alleged and charged to them therein and in addition thereto did allege that the collision and resulting injuries involved in those actions was the direct and proximate result of careless and negligent conduct on the part of Perry Simons, defendant herein and that such negligence was imputable to the Bryan Construction Company, a corporation, defendant herein, by virtue of the relation of master and servant or principal and agent existing between them. That said action of the Bryan Construction Company was duly tried upon its merits upon the issues so framed as aforesaid, and submitted to a jury who returned a verdict affirmatively for damages for said plaintiff Bryan Construction Company and that the obligation upon the plaintiff herein and upon said Richard Miller as fixed by said verdict was duly paid by the plaintiff herein and said Richard Miller and in lieu of the entry of Judgment and Satisfaction thereof, the said action was dismissed with prejudice."

lease and stipulation of dismissal with prejudice for execution. The letter requested that the release, together with the original and one copy of the dismissal, be returned to them before the draft was presented for payment. Compliance was made with this request, and the action was terminated by filing the stipulation of dismissal with prejudice with the clerk of court. No judgment was entered on the verdict.

From the record it is clear that the verdict returned in the case of Bryan Construction Company v. Herbert G. Miller and Richard Miller determined that neither the Bryan Construction Company nor its employee, Simons, were guilty of negligence. The issue of their negligence was not only litigated in that action but its determination was necessary to warrant the verdict. It is not disputed, nor could it be, that, if judgment had been entered on the verdict, the issue of Bryan Construction Company's negligence could not be litigated again.[3]

The appeal raises two questions: (1) Can a verdict upon which judgment has not been entered ever operate as an estoppel? (2) If the verdict in the former case is operative as an estoppel here, is the defense available to defendant Simons, the employee of the Bryan Construction Company, even though he was not a party to the former action?

■ It is the general rule of law that a verdict does not operate as an estoppel until it has passed into a judgment.[4] The reason for the rule is that there must be proof of the finality of the adjudi-

[3]Swank v. St. Paul City Ry. Co. 61 Minn. 423, 63 N. W. 1088; Gustafson v. Gustafson, 178 Minn. 1, 226 N. W. 412; Wolfson v. Northern States Management Co. 221 Minn. 474, 22 N. W. (2d) 545; Smith v. Smith, 235 Minn. 412, 51 N. W. (2d) 276; 3 Dunnell, Dig. & Supp. § 5162.

[4]Schurmeier v. Johnson, 10 Minn. 250 (319); State v. Brooks-Scanlon Lbr. Co. 137 Minn. 71, 162 N. W. 1054; Hutton v. Boucher, 157 Minn. 40, 195 N. W. 495; In re Estate of Hallbom, 189 Minn. 383, 249 N. W. 417; In re Estate of Firle, 191 Minn. 233, 253 N. W. 889; Mitchell v. Bazille, 216 Minn. 368, 13 N. W. (2d) 20; Stevens v. Minneapolis Fire Dept. Relief Assn. 219 Minn. 276, 17 N. W. (2d) 642; Smith v. Smith, 235 Minn. 412, 51 N. W. (2d) 276; 3 Dunnell, Dig. & Supp. § 5164; 2 Black, Judgments (2 ed.) § 506.

cation in order to constitute an estoppel and ordinarily a verdict is not such an adjudication since it may be set aside upon a motion for a new trial or upon a motion for judgment notwithstanding the verdict. Where the reason for this rule has ceased to exist, it would seem that there is no sound basis for refusal to give conclusive effect to the verdict.

An exception to the general rule that a verdict does not operate as an estoppel until it has passed into a judgment exists in a number of jurisdictions in cases where the parties have acquiesced in the verdict; where, through the lapse of time or other cause, a motion for a new trial or arrest of judgment cannot be granted; where the jurisdiction of the court to set aside or impair the force of the verdict rendered on the merits has come to an end; or where the parties have agreed to let the verdict stand in place of a judgment.[5]

While this question has not been squarely before this court until now, we have nevertheless recognized the soundness of the exception by citing opinions of other jurisdictions approving the same.[6]

---

[5]Felter v. Mulliner, 2 Johns. (N. Y.) 181; Catlin v. Taylor, 18 Vt. 104; Armstrong v. Colby, 47 Vt. 359; Shaeffer v. Kreitzer, 6 Binn. (Pa.) 430; Estep v. Hutchman, 14 Serg. & R. (Pa.) 435; Crosby v. Pittman, 129 Ga. 573, 59 S. E. 279; Pollitz v. Schell (C. C.) 30 F. 421; Hume v. Schintz, 90 Tex. 72, 36 S. W. 429; Shapiro v. McCarthy, 279 Mass. 425, 181 N. E. 842; American Surety Co. v. Dickson, 345 Pa. 328, 28 A. (2d) 316; Kannel v. Kennedy (3 Cir.) 94 F. (2d) 487; 50 C. J. S., Judgments, § 614; 2 Black, Judgments (2 ed.) § 682; 2 Freeman, Judgments (5 ed.) § 718.

[6]In Craig v. Dunn, 47 Minn. 59, 62, 49 N. W. 396, 397, this court stated: "It is true that verdicts are not ordinarily to be deemed to legally determine the rights of parties, the law in general contemplating that only the judgment shall have that effect. But that the effect of a legal determination may be given to the verdict in a judicial proceeding, where the law contemplates such a result, has been decided in Felter v. Mulliner, 2 John. 181; Gaines v. Betts, 2 Doug. (Mich.) 98; Overall v. Pero, 7 Mich. 315, and see 2 Black, Judgm. § 682."

In Hutton v. Boucher, 157 Minn. 40, 41, 195 N. W. 495, this court stated: " 'It is the adjudication which makes a finding in a former action res adjudicata' and a bar. Such a finding which has not ripened into judgment

The allegations of the paragraph stricken from the answer, as well as the facts presented in the record before us, bring this case within the ambit of this exception. The manner in which the parties treated the verdict, their acquiesence in it, the payment of the full amount of it together with the taxable costs and disbursements, and the execution and filing of the stipulation of dismissal with prejudice clearly establish the conclusive force and effect of the verdict. Moreover, because of the lapse of time and the procedure followed by the parties, a motion for a new trial or for judgment notwithstanding the verdict could not be granted. Under the circumstances here, to refuse to give the verdict the force and effect of a judgment would be inequitable and unjust. The doctrine of estoppel by verdict is established in the interest of public policy There must be an end to litigation sometime. Where a party has litigated an issue in a former action in a court of competent jurisdiction, he should not be permitted to litigate the issue again to the harassment and vexation of his opponent. Paragraph VIII of the answer was sufficient to permit the proof by the Bryan Construction Company of an estoppel by verdict, and the court erred in striking it as to that defendant.

Plaintiff contends that the doctrine of estoppel by verdict in any event is not available to defendant Simons since he was not a party to the action wherein the verdict was returned. On the pleadings and record before us it appears that, in order for the jury to have reached its verdict in favor of the Bryan Construction Company in the former action, it was required to find that Simons, the employee and agent of the Bryan Construction Company, was not negligent; the verdict in favor of the Bryan Construction Company was tantamount to a finding that Simons was not negligent.

is not a bar in a subsequent action. State v. Brooks-Scanlon Lumber Co. 137 Minn. 71, 162 N. W. 1054; 3 Dunnell, Minn. Dig. § 5164. That rule must apply in every case, unless the entry of judgment has been prevented by action of the adverse party or the court in such manner that it would be inequitable not to give to the one entitled thereto the benefit of the bar or estoppel which would attend the judgment when entered."

In the case of Myhra v. Park, 193 Minn. 290, 258 N. W. 515, this court held that, the question of the employee's negligence having been fully litigated in a former action against the employer and a verdict having been reached in favor of the employer, the plaintiff was precluded from again litigating the issue of the employee's negligence in an action against the employee.[7] We hold that it was error to strike paragraph VIII of the answer as to defendant Simons.

The contention of plaintiff that he is not bound by the proceedings subsequent to the verdict in the Bryan Construction Company action in which he was a defendant because his attorneys disposed of the matter contrary to his wishes and at the instance of his insurer is without merit. The record is barren of any suggestion that the defendant Bryan Construction Company or its attorneys had any knowledge of any such claim or contention at the time of the disposition of said matter. If plaintiff's lawyers, who were employed by his insurance company, disposed of the matter contrary to his instructions at the request of his insurance company, his action, if any he has, is against that company.

Reversed with directions to reinstate paragraph VIII of the answer.

---

[7]The following cases have held that if an action against a master for an alleged negligent act of his servant has resulted in a finding of no negligence, this finding is *res judicata* in an action against the servant for the same alleged negligence. Giedrewicz v. Donovan, 277 Mass. 563, 179 N. E. 246; Emery v. Fowler, 39 Me. 326, 63 Am. D. 627; Bruszewski v. United States (3 Cir.) 181 F. (2d) 419.