JOSEPH F. TRACY *vs.* THE NEW YORK, NEW HAVEN ANE
HARTFORD RAILROAD COMPANY.

Third Judicial District, New Haven, January Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

General Statutes, § 2039, as amended by Chap. 4 of the Public Acts of
1903, provides that any traveler on a highway who is prevented
from crossing a railroad for more than five minutes by reason of
trains, cars or locomotives "standing upon or across such high-
way," may recover $25 and costs from the railroad company.
*Held:—*
1. That in view of all the legislation in respect to the obstruction of
highways by railroad trains, it was apparent that two evils were
aimed at: one, an obstruction by standing cars or trains, covered
by the statute in question, and the other an obstruction by cars
or trains in motion.
2. That inasmuch as it appeared in the present case that the cars were
not "standing" on the highway for more than five minutes, but
were being switched back and forth thereon, the plaintiff could
not recover under this statute.
3. That the statute approached closely to the field of penal legislation,
and must be considered with reasonable strictness and not so as to
extend its operation beyond what was called for by the ordinary
import of its terms.
It is within the power of the legislature, in cases of this nature, to fix
an arbitrary sum as the measure of recovery, provided only that
it be not unreasonably great.

VOL. LXXXII—1 (1)

A motion to consolidate several pending cases for the same cause of action, is addressed to the discretion of the trial court, and its exercise of that discretion will not be reversed on appeal except for manifest abuse.

In the present case the ground of such a motion involved construction of a statute and invited the consideration of a question of constitutional law. *Held* that the trial court acted well within its discretion in declining to pass upon matters of such importance on such a motion.

The defendant contended that only one, indivisible penalty could be recovered under the statute for one offense, and that all persons aggrieved must join in the action therefor. *Held* that if it were true that $25 and costs was the extent of the defendant's liability, there was no reason why the plaintiff, upon proper proof, should not recover that sum, since his action was the first to be brought to a final hearing, and the law favored the vigilant.

A defendant who desires to set up the pendency of other like actions to defeat that of the plaintiff, should do so by plea in abatement. Such a defense cannot be made by answer.

A passenger in a street-car is as much a traveler on the highway as if he rode in any other vehicle.

The amount of a bond for prosecution is a matter within the discretion of the trial court.

Argued January 20th—decided March 4th, 1909.

ACTION on the statute for obstructing a highway-crossing by standing cars and trains for more than five minutes, brought to the City Court of Waterbury and heard by the court, *Peasley, Acting-Judge.* Judgment for plaintiff. *Error and new trial ordered.*

*Benjamin I. Spock,* with whom was *James E. Wheeler,* for the appellant (defendant).

*Charles W. Bauby* and *Philip N. Bernstein,* for the appellee (plaintiff).

BALDWIN, C. J. By an Act passed in 1866 a forfeiture of not exceeding $10, to be recovered by any common informer, was imposed upon any railroad company which, "whenever it shall be necessary for any freight train" to

remain at a station in such a position as to obstruct a highway-crossing for more than five minutes, should not separate the cars so as to let travelers pass. Public Acts of 1866, p. 54, Chap. 99. In 1878 this was replaced by an Act providing that any traveler upon a public street or highway, whose passage over a railroad-crossing was obstructed for more than five minutes "by reason of trains, cars, or locomotives standing upon or across such street or highway," might recover not exceeding $50 from the corporation owning the railroad. Public Acts of 1878, p. 346, Chap. 135. By an amendment made in 1893 (Public Acts of 1893, p. 402, Chap. 250) the sum recoverable was changed to $10 and costs (General Statutes, § 2039); and by an Act entitled "An Act concerning Damages for Obstructing Streets with Railroad Cars," passed in 1903 (Public Acts of 1903, p. 5, Chap. 4), it was changed again to $25 and costs.

An Act was passed in 1881 (Public Acts of 1881, p. 80, Chap. 135) and is now in force (General Statutes, § 2040), providing that a highway-crossing at grade in any city within two hundred feet of a covered bridge in the highway should not be obstructed "by the making up of railroad trains, nor by allowing any train, car, or locomotive, to stand on or across said highway," for more than three minutes at any one time, under a penalty of fine or imprisonment, or both.

In 1883 the railroad commissioners were empowered to order any railroad company "not to use for switching purposes, nor for standing trains of any kind" any specified highway-crossing, such use of which they might deem inconsistent with public convenience (Public Acts of 1883, p. 269, Chap. 80, p. 283, Chap. 106); and to make orders "regulating the obstruction of streets and highways by railroad locomotives and cars; and generally to make any and all orders regarding the crossing of streets and highways by railroad locomotives and cars, that the public may be inconvenienced as little as possible thereby." These provi-

sions are substantially reproduced in General Statutes, §§ 3891, 3893.

It is plain from this course of legislation that the General Assembly have had in mind two evils to be guarded against in the use of a highway-crossing in the operation of railroads. One was its obstruction by standing cars or trains; the other its obstruction by moving cars or trains. General Statutes, §§ 2040, 3891 and 3893 provide a remedy for both these evils. General Statutes, § 2039 (as amended in 1903) provides a remedy for but one of them.

This action is brought under § 2039, and the only obstruction to travel upon the street which is alleged is one "by reason of cars, trains and locomotives of defendant standing upon and across said street." The finding shows that the plaintiff was a passenger on a street-car which was prevented for eleven minutes from crossing the defendant's tracks because they were occupied by a freight train; that part of the time the cars were standing still, and the rest of the time they were being switched backward and forward; but that there was no evidence that cars stood, without moving, upon or across the street for more than five minutes.

The statute is a remedial one, but the remedy furnished is the right of any traveler, whose passage has been obstructed in the manner specified, to recover a fixed sum as damages, irrespective of what damages he may in fact have suffered. It was within the power of the legislature to impose such a liability upon railroad companies. When they are permitted to cross highways at grade, public travel upon such highways is necessarily both endangered and impeded. The loss which any particular traveler may suffer from being long delayed at a grade-crossing, it would be hard to estimate with precision. One man's time is worth more than another's. One man's engagements may be more pressing than another's. Embarrassing questions as to remote and consequential damages might arise. It is

therefore within the power of the State to fix an arbitrary sum, as the measure of recovery, provided only that it be not unreasonably great. Laws providing for the award of treble the actual damage in certain cases have long been upon our statute books. General Statutes, §§ 1097, 1101, 1103–1105, 2036. There is nothing in such enactments inconsistent with the Constitution of the United States. *Minneapolis Railway Co.* v. *Beckwith*, 129 U. S. 26, 9 Sup. Ct. Rep. 207; 1 Joyce on Damages, § 95. Nevertheless the statute now in question approaches closely to the field of penal statutes, and must be construed with reasonable strictness, and not so as to extend its operation beyond what is called for by the ordinary import of its terms. *Stevens* v. *Kelly*, 66 Conn. 570, 575, 34 Atl. 502; *Hallenbeck* v. *Getz*, 63 Conn. 385, 387, 28 Atl. 519.

Cars which are being switched cannot properly be described as standing; and as the plaintiff's averment that cars were standing upon and across the street for more than five minutes was not sustained by the evidence, he was not entitled to the judgment which he recovered.

In the judgment-file all the issues are found for the plaintiff. It is only in the special finding of facts, made for the purposes of the appeal, that it appears that there was no evidence to support the judgment as respects the material issue as to whether cars were kept standing, as alleged, for more than five minutes. To determine that issue in the plaintiff's favor without any evidence to establish the fact in controversy was an error in law. *Boughton* v. *Boughton*, 77 Conn. 7, 58 Atl. 226.

As we have concluded that there should be a new trial, it is necessary to consider the other reasons of appeal, since they involve points which might be the subject of controversy in future proceedings in the court below.

A motion was filed there stating that this action was one of five, each brought against the defendant for the same cause, on the same statute, by a passenger on the car

in question, all returned to the same City Court at the same
time, and all then pending, and that the same attorney rep-
resented the plaintiff in each action, and asking for a con-
solidation of all five, on the ground that "only one penalty
can be recovered under the statute for one offense, and
that this penalty is indivisible, requiring a joint action by
all persons aggrieved." The denial of this motion is one
of the reasons of appeal; and another is that, if the statute
means that each and every traveler obstructed on the same
occasion, by cars standing on a highway crossing for more
than five minutes, can recover $25 and costs, it conflicts
with the constitutions both of Connecticut and the United
States.

A motion to consolidate is addressed to the discretion of
the court, and its exercise of that discretion will not be re-
versed on appeal, unless in a case of manifest abuse.
*State* v. *Main*, 31 Conn. 572, 577; 3 Cyc. 334; 8 id. 593.
The sole ground relied on in the motion now in question
was that no more than $25 and costs could be recovered
from the defendant for its obstruction of the street, no
matter how many travelers might have been inconven-
ienced by it. This involved a point of statutory construc-
tion, and invited the consideration of a question of con-
stitutional law. It was well within the discretion of the
trial court to decline to pass upon matters of such import-
ance on a motion to consolidate; as in case of a recovery by
the plaintiff they would remain open to the defendant, and
could be more appropriately discussed in disposing of the
other actions, should they subsequently be brought on for
trial.

The same points were also urged by the defendant on the
argument of the cause, as a reason why judgment should
be rendered in its favor. We need not consider whether
they are tenable and material for any purpose in any ac-
tion, for, if it be so that the statute throws on the company
only a liability for $25 and costs, the plaintiff, on proof of

the averments in his complaint, would be entitled to recover those sums, since he was the first to sue and bring his cause to a final hearing. *Vigilantibus, non dormientibus, jura subveniunt.* That four other actions by four other plaintiffs were pending could not cut down a judgment in his favor to $5, instead of $25.

The answer alleged that "at the commencement of this action there were and now are four other actions pending in the City Court of Waterbury against this defendant for the recovery of the statutory penalty set forth in the complaint in this action and for the same cause as that set forth in said complaints, in which Deborah Fitzgerald, Mollie Mahoney, Mrs. Joseph F. Tracy and Julia Cunningham are the respective plaintiffs." No reply having been filed to this, its truth was admitted. Thereupon the defendant moved for judgment, on the ground, also urged in his final argument and reasons of appeal, "that if different suits for the recovery of the same penalty are in fact commenced at the same time, each may be pleaded against the other and both may be defeated." The finding of facts states, and must stand as an exposition of what the defendant claimed on the trial to be the admission resulting from the want of a reply, that the four other writs were returned at the same time when the plaintiff's writ was. There was therefore no priority between them. Each of the five plaintiffs stood on the same footing. Each might push for the first opportunity to be heard. The same defenses, so far as appears, were available in each.

If the defendant be right in its construction of the statute, and desired to set up the pendency of the other four actions to defeat that of the present plaintiff, it should have pleaded in abatement. *Beach* v. *Norton,* 8 Conn. 71, 78; *Cahill* v. *Cahill,* 76 id. 542, 547, 57 Atl. 284. Not having so pleaded, this defense could not be made by answer. Practice Book (1908) p. 247, Rules under the Practice Act. §§ 155, 155 (*a*).

There is nothing in the contention that a passenger in a street-car is not a traveler on the street. He is such, as fully as one riding in any other vehicle. While the car runs on fixed tracks, this is simply a mode of using the highway for highway purposes. *Canastota Knife Co.* v. *Newington Tramway Co.*, 69 Conn. 146, 152, 36 Atl. 1107.

The City Court, on motion of the defendant that the plaintiff be required to furnish a bond with surety for the prosecution of the action, ordered him to file one in the sum of $10, which was done, and denied a subsequent motion that bond in the sum of $100 be ordered. The amount of such a bond was a matter within the discretion of the trial court.

There is error and a new trial is ordered.

In this opinion the other judges concurred.