[No. 7979.   Department Two.   September 25, 1909.]

WALTER C. HAYWARD, *Respondent*, v. RUTH MASON,
*Appellant*.[1]

ACTIONS—CONSOLIDATION—JOINDER.   The court has discretion to
consolidate two equitable actions between the same parties relating
to the same subject-matter, *i. e.*, the obstruction of two irrigation
ditches, which might have been joined in one action.

WATERS AND WATER COURSES—DRAINAGE—GRANTS—EASEMENTS—
RIGHTS OF GRANTOR.   A deed conveying a right of way for a drainage
ditch along a line as at present laid out to drain off surplus water
onto the grantor's land, with the right of ingress and egress to keep
the ditch in repair, creates an easement only; but gives the grantor
no right to control the drainage.

SAME—RIPARIAN RIGHT—MARSH OR SWAMP.   Riparian rights can-
not be asserted to the flow of surplus waters of a swamp or marsh
which has no outlet, and where there is no natural stream or water-
way.

SAME—EXTENT OF RIGHTS—PRIORITY.   A riparian right to the flow
of water is subject to a reasonable use for domestic and agricultural
purposes by a prior riparian owner.

SAME—IRRIGATING DITCH—OBSTRUCTIONS—DAMAGES.   The grantee
of land with appurtenant water rights cannot recover damages to
crops by reason of the grantor's obstructions and diminution of the
water supply, when the volume was not reduced below what it was at
the time the deed was given.

Appeal from a judgment of the superior court for Kitti-
tas county, Preble, J., entered November 25, 1908, upon
findings in favor of the plaintiff, after a trial on the merits
before the court without a jury, in consolidated actions to
enjoin the obstruction of drainage ditches.   Affirmed.

*Fred Parker* and *O. O. Felkner*, for appellant.
*Hovey & Hale*, for respondent.

MOUNT, J.—In the year 1904 the respondent brought an
action against the appellant alleging that she was unlawfully
obstructing a drainage system upon respondent's land, and

[1]Reported in 104 Pac. 141.

prayed that she be restrained from so doing. While that action was pending and undetermined in the lower court, the respondent constructed other drainage ditches upon his own land, and brought another action against appellant alleging that appellant was unlawfully obstructing these ditches, and prayed for injunctive relief. When both cases were at issue the trial court entered an order consolidating them. They were thereafter tried as one case. Upon the trial the court made findings of fact and conclusions of law, and entered a decree defining the rights of the respondent to drain his land and to irrigate parts thereof, and also defining the rights of the appellant to certain drainage water and ditches upon respondent's land for irrigating her own land. The defendant has appealed from that decree.

Fifty-one assignments of error are made in the appellant's brief. These assignments are not noticed. But appellant makes the following contentions: first, that the court erred in consolidating the two actions; second, that by certain deeds respondent conveyed not only the right to all water upon his land to the appellant, but also the fee of the ditches upon his land; third, that the appellant owns the riparian right to all the water upon respondent's land; and fourth, that the court erred in not awarding damages to the appellant. We shall briefly notice these contentions in the order stated.

(1) Courts of equity are vested with discretionary powers to consolidate causes, and such discretion will not be reviewed except for abuse. 8 Cyc. 593. In *Peterson v. Dillon*, 27 Wash. 78, 67 Pac. 397, this court said at p. 85:

"A court should always be possessed of the power to make orders which will expedite its business and prevent costs and a multiplicity of suits when one action will answer all the purposes of justice. . . . The consolidation is within the discretion of the court, even if the parties are not the same in each action, and the court's order will not be interfered with by the appellate court if the suit involve the same subject-matter."

In this case the parties were the same and the subject-matter was the same. The ditches involved were different. But the rights of the parties to drain and use the water was the real subject-matter, and that was the same in both actions. There can be no question that if the actions had been begun at the same time the causes might have been joined in the same complaint. This is one of the usual tests for consolidation. There is, therefore, no merit in the contention that it was error to consolidate the two actions.

(2) It appears that the appellant purchased her land from the respondent. The deed recited that the land was conveyed with the rights thereto belonging or appertaining "including all ditches and water rights," except certain reserved rights not in controversy. This deed was executed in February, 1900. On June 16, 1900, the appellant by deed conveyed to respondent

"A right of way for the maintenance and operation of a drainage ditch across the S. W. ¼ of the S. W. ¼ of Sec. 12, township 18 north, range 17 E. W. M., along the line as at present laid out for the purpose of draining surplus water from the S. ½ of the S. E. ¼ of Sec. 11, in said township and range."

The first description above is of the appellant's land. The latter is the description of the respondent's land. The appellant's land lies to the east of the respondent's land, and is separated therefrom by a county road. The deed continues,

"It is expressly understood and agreed that the said party of the second part [respondent] shall have the right of ingress to and egress from said first described tract for the purpose of draining and repairing drainage ditches aforesaid. It is further understood and agreed as a part of the consideration of this conveyance that the said party of the second part shall so maintain and operate said drainage ditches as in no way to hinder or prevent the proper cultivation of the tract through which the right of way is hereby granted. It is also agreed and understood that first party [appellant] shall have the right to use such drainage water for the irriga-

tion of their tract of land in sections 12 and 13, in said township and range, and water may be diverted from such ditch for such purpose by means of any appliances furnished or to be furnished by any of the parties hereto."

It is apparent that the deed from the respondent to the appellant did not convey the fee to any ditch upon land not conveyed. Water rights then upon or appurtenant to the land conveyed no doubt passed, and the trial court so found and decided. It is also apparent that the deed of June 16, 1900, above largely copied, conveyed to the respondent an easement, "Along the line as at present laid out" upon appellant's land "for the purpose of draining surplus water from" respondent's land. *Hayward v. Mason, ante* p. 649, 104 Pac. 139. But the appellant had a right to use this drainage water upon her own land for irrigation purposes. She did not thereby acquire the right to go upon the land of respondent and control the manner of drainage. The evidence is conclusive that a portion of respondent's land required drainage, that appellant's land required irrigation, and it was agreed that the surplus water should be drained from respondent's land to and upon appellant's land and there used for irrigation. Appellant, however, could no more control the method of drainage upon respondent's land than the respondent could control the method of irrigation upon appellant's land. The appellant was entitled to the water which naturally flowed upon her land when she bought it from respondent, and to no more.

(3) We think the evidence fails to show any riparian right in the appellant, because there is no natural stream or waterway shown in the case. The evidence shows that a marsh or swamp with no outlet existed upon respondent's land. There is some evidence that a depression or possibly an outlet once existed, but such outlet had long since been obliterated, and the only outlet now existing or which has ever been used by the appellant is an artificial one. But if the appellant may be said to be a riparian proprietor and en-

titled to the flow of water as it was wont, her use would be subject to the reasonable use by the respondent for domestic and agricultural purposes, for he is also a riparian owner prior in time and right. 26 Cyc. p. 979.

(4) Appellant argues that the court should have assessed damages in her favor for the loss of crops caused by a diminution of water by the respondent. The court found, and the evidence justifies the finding, that the respondent has not reduced the water supply below what it was at the time the appellant purchased her land from respondent. In other words, that the appellant at all times had had all the water to which she was lawfully entitled. The respondent was therefore not liable in damages for the failure of appellant's crops for lack of sufficient water.

The judgment of the trial court appears to be right, and is therefore affirmed.

RUDKIN, C. J., PARKER, CROW, and DUNBAR, JJ., concur.