## MODERN WOODMEN OF AMERICA v. BALL.

[No. 10,822.  Filed June 23, 1921.  Rehearing denied November 15, 1921.  Transfer denied January 24, 1922.]

1. TRIAL.—*Verdict.—Answers to Interrogatories.—Doubtful or Uncertain Answers.*—Where answers to interrogatories are uncertain, doubtful or obscure, they must be resolved most strongly against the party seeking the judgment thereon, and the general verdict must prevail.  p. 391.

2. INSURANCE.—*Fraternal Insurance.—Knowledge of Agent is Knowledge of Lodge.—Statutes.*—The officer of a local camp or lodge of a benefit society who is charged with the duty of collecting and remitting dues and assessments to the supreme or sovereign organization, is its agent, and his knowledge, acquired while performing his duties, that a member was in ill health at the time of his reinstatement is its knowledge, as it is conclusively presumed that he communicated his knowledge to his principal, and this rule is not changed by §5061a et seq. Burns' Supp. 1918, Acts 1915 p. 276, §20, providing that fraternal societies may stipulate that no subordinate body, nor any of its subordinate officers or members shall have the power or authority to waive any of the provisions of the laws and constitution of the society.  p. 391.

3. INSURANCE. — *Fraternal Insurance. — By-Laws. — Waiver.* — Although the by-laws of an insurance society require that one being reinstated must be in sound health, where such a society is, by reason of its local agent's knowledge, chargeable with knowledge of a member's ill health at the time of his reinstatement, it waives the provision against reinstatement by thereafter receiving and retaining assessments.  p. 392.

4. TRIAL.—*Improper Interrogatories.—Instruction to Disregard.*—In an action on a benefit certificate, an interrogatory requesting the jury to state the facts, if any, tending to prevent or avoid suspension, called for evidentiary facts upon which the jury might base a legal conclusion, and it was proper for the court to instruct that it need not be answered by the jury.  p. 392.

5. APPEAL.—*Briefs.—Sufficiency.—Rules of Court.*—Under Rule 22 of the Appellate Court, requiring appellant's brief to contain a concise statement of so much of the record as presents the errors relied on for reversal, the exclusion of evidence will not be reviewed on appeal where the brief does not set out the record of the evidence offered, the court's refusal to admit it, or appellant's exceptions to the ruling of the court; and this defect cannot be remedied by setting out the omitted matter in the reply brief. p. 393.

6. NEW TRIAL.—*Grounds.—Answer to Interrogatory Contrary to Evidence.*—An assignment in a motion for new trial that an answer to an interrogatory is contrary to the evidence presents no question for review. p. 393.

7. APPEAL. — *Briefs. — Sufficiency. — Examination of Juror.* — Alleged error as to a hypothetical question to a prospective juror testing his qualifications cannot be considered on appeal, where appellant's brief fails to set out anything concerning it, except in the motion for new trial. p. 394.

From Allen Superior Court; *William N. Ballou,* Judge.

Action by Cecelia Ball against the Modern Woodmen of America. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Truman Plantz, W. D. Headrick, E. V. Harris, Snouffer & Sherrod* and *Graham & Walters,* for appellant.

*R. C. Parrish, Henry G. Hogan* and *Guy Colerick,* for appellee.

NICHOLS, P. J.—This action by the appellee is based upon a benefit certificate in the sum of $2,000 issued by appellant to the husband of appellee in 1907. Appellant answered in four paragraphs, the first being a general denial. The second alleged breach of warranty in that the insured had misstated his age as under forty-five years, while appellant claimed he was older, and that a by-law prevented one over forty-five years of age from becoming a member. The third paragraph alleged misstatement of the insured that he was in sound health in May, 1917, when he was reinstated as a member, it be-

ing alleged therein that the insured had been suspended on May 1, for nonpayment of the April, 1917, dues or assessment, and that a by-law required that one being reinstated must be in sound health at the time of reinstatement. In both of said second and third paragraphs of answer it is alleged that the appellant, upon learning of said alleged breaches of warranty, rescinded the contract after the death of the decedent, and tendered the amount of premiums paid under said contract to appellee before the institution of her action. The fourth paragraph of answer alleges tender and that the same was made good by bringing the money into court.

To these three special paragraphs of answer appellee filed special paragraphs of reply setting up, in substance, that there was no mis-statement of age; that there was no unsoundness of health and that in any event, the appellant had estopped itself from rescinding the contract and had waived any alleged breaches of warranty.

The cause was tried by a jury, which returned a general verdict in favor of appellee and answered the special interrogatories submitted by the court at the request of appellant.

Appellant moved the court for judgment on the answers to the interrogatories, notwithstanding the general verdict, which motion was overruled. A motion for a new trial filed by appellant was overruled, and a judgment rendered for appellee.

The errors assigned, which have been presented to this court for its consideration are hereinafter discussed in their order.

Appellant concedes that the answers to interrogatories do not show that appellee's decedent was over forty-five years of age at the time of his application for a certificate of insurance, but it contends with much force that the answers do show that the deceased was in

ill-health at the time that he made application for reinstatement and at the time of his reinstatement, and that the general society did not know of the fact of such ill-health until after his death, and that upon receiving the information it refused to pay. But appellee contends, with equal plausibility, that the answers to interrogatories do not show that her decedent was in ill-health at the time of the reinstatement.

Where answers to interrogatories are uncertain, doubtful or obscure, they must be resolved most strongly against the party seeking the judgment thereon, and under such conditions, the general verdict must prevail. *Smith* v. *Michigan Cent. R. Co.* (1905), 35 Ind. App. 188, 73 N. E. 990; *Welker* v. *Appleman* (1909), 44 Ind. App. 699, 90 N. E. 35. The answers state that appellant did not know at the time of the reinstatement that the insured was then in ill-health, but this finding cannot prevail against another that the local society did know of the insured's ill-health. It is well established that an officer of a local camp or lodge of a benefit society who is charged with the duty of collecting and remitting dues and assessments to the supreme or sovereign organization is its agent, and his knowledge acquired while performing his duty as such agent is the knowledge of his society, as it is conclusively presumed that he communicated his knowledge to his principal. *Sovereign Camp, etc.* v. *Latham* (1915), 59 Ind. App. 290, 107 N. E. 749; *Supreme Tribe, etc.* v. *Lennert* (1912), 178 Ind. 122, 98 N. E. 115; *West* v. *National Casualty Co.* (1916), 61 Ind. App. 479, 112 N. E. 115. Section 20 Acts 1915 p. 276, §5061a *et seq.* Burns' Supp. 1918, upon which appellant relies is not in point. It only provides that fraternal societies may provide that no subordinate body, nor any of its subordinate officers or members, shall have the power or authority to waive any of the pro-

visions of the laws and constitution of the society. There is no provision that the knowledge of the 3. subordinate society or office shall not be the knowledge of the supreme society, and the supreme society, appellant herein, being charged with knowledge of the insured's ill-health, if thereafter it receives assessments and retains them, it waives its provision against reinstatement. Having reached this conclusion, we do not need to consider the question of tender. The motion for judgment *non obstante* was properly overruled.

Instruction No. 1 given to the jury on the court's own motion told the jury that it need not answer interrogatory No. 44. We do not find that this interrogatory 4. tory was in any way made a part of the record, and any error as to it is therefore not properly presented. Under appellant's points, however, we find what purports to be the interrogatory involved, and we note that it requests the jury to state the facts, if any, tending to prevent or avoid suspension. The interrogatory calls for evidentiary facts upon which the jury might base a legal conclusion. No authorities are needed to sustain the court's action in giving the instruction. We suggest, however, that it might have been better procedure to strike out the objectionable interrogatory.

Appellant relies for reversal upon the court's action in giving to the jury, at the request of appellee, instructions Nos. 2, 3, 4, 6, 7, 8, 9, 12 and 13. The motion for a new trial presents error in giving these instructions, with others, jointly, and error in giving each of them. We have examined each of the instructions, and having reached the conclusion above as to notice and waiver, we hold that there is no reversible error in giving any one of the instructions aforesaid. Instruction No. 2 is confusing in part, but taken as a whole, we are

of the opinion that the jury was not misled thereby. There was no reversible error in refusing to give appellant's instructions Nos. 12, 13 and 14, pertaining to waiver, notice, and tender.

Appellant complains of the action of the court in excluding certain taxation lists, and a marriage return which were offered in evidence; but appellant has

5. failed to set out in its brief the record of this offered evidence, or the court's refusal to admit it, or appellant's exceptions to the ruling of the court in rejecting it. The first information we have in appellant's brief of such offered evidence is in appellant's motion for a new trial, and thereafter it is mentioned in errors relied on for reversal. Appellant has wholly failed to comply with Rule 22 of this court. *Indiana Utilities Co.* v. *Wareham* (1918), 66 Ind. App. 542, 118 N. E. 572; *Gwinn* v. *Hobbs* (1917), 72 Ind. App. 439, 118 N. E. 155; *Pittsburgh, etc., R. Co.* v. *Sedwick* (1919), 72 Ind. App. 131, 124 N. E. 514; *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 80 N. E. 538. Appellant has attempted to remedy this defect in its original brief by setting out the omitted matter in its reply brief, but this is not permitted. *Fox* v. *State* (1917), 186 Ind. 299, 116 N. E. 295; *Decker* v. *Mahoney* (1917), 64 Ind. App. 500, 116 N. E. 57; *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30, 90 N. E. 908, 93 N. E. 678.

Appellant, as reasons for a new trial, says that the respective answers to interrogatories Nos. 18, 19, 25,

6. 26, 41, 54 and 55 are contrary to the evidence. But an assignment in a motion for a new trial that an answer to an interrogatory is contrary to the evidence presents no question for review. *Jennings* v. *Ingle* (1905), 35 Ind. App. 153, 73 N. E. 945.

Appellant has failed to present any error as to a hypothetical question to a prospective juror, testing his

American Coal, etc., Co. *v.* Lewis, Admr.—77 Ind. App. 394.

qualifications to serve as such, because of its brief being defective in failing to set out anything concerning it, except in its motion for a new trial. See authorities, *supra.*

We have examined the substantial questions presented for our consideration, and we find no reversible error.

Judgment affirmed.