## TROOK *v.* CROUCH ET AL.

[No. 11,228. Filed January 25, 1923. Rehearing denied June 21, 1923. Transfer denied December 17, 1924.]

1. ACTION.—*Consolidation of actions discretionary with court.* —In the absence of statute regulating such procedure, the consolidation of actions cannot be demanded as a matter of right, but is in the discretion of the court, and its action in that respect will not be reversed unless such discretion was manifestly abused. p. 312.

2. ACTION.—*Courts have inherent power to order the consolidation of actions.*—There are no statutory provisions in this state relative to the consolidation of actions, but the courts have inherent power, in proper cases, to order a consolidation. p. 312.

3. ACTION.—*Consolidation of actions will not be ordered in nondependent causes in different courts by different plaintiffs.* —Although the courts have inherent power, in proper cases, to order the consolidation of actions, it will not be done when the actions are nondependent, and are pending in different courts with different plaintiffs. p. 312.

4. TRIAL.—*The remedy for a failure to find on all issues in a special finding is a motion for a new trial and not venire de novo.*—Where a special finding of facts contains substance enough to support a judgment one way or the other, the court's failure to find on all of the issuable facts does not authorize a motion for a *venire de novo*, but the remedy is by motion for a new trial. p. 312.

5. JUDGMENT.—*Prior adjudication conclusive on all questions that might have been determined under the issues.*—An adjudication in a prior action is conclusive upon all questions which were, or might have been, litigated and determined, under the issues, in the action in which the judgment pleaded was rendered. p. 314.

6. JUDGMENT.—*Question of lien could not have been adjudicated in former action because outside of issues.*—In a former action between the same parties, in which the plaintiff, by his complaint, and one of the defendants, by a cross-complaint, sought to establish a trust in their favor in certain real estate and to obtain an accounting on the part of the other defendant as trustee thereof, who filed a cross-complaint against his codefendant and the plaintiff to quiet his title to the same real estate, no question as to a lien on said real estate in favor of the trustee defendant could have been raised and, therefore, could not have been adjudicated. p. 314.

7. JUDGMENT.—*Doctrine of res judicata not applicable to matters outside the issues.*—The doctrine of res judicata applies only to such matters as were within the issues of the former action; consequently, where a finding in a former action was not within the issues and no attempt was made to carry it into the judgment rendered, it was not res judicata. p. 314.

8. JUDGMENT.—*Prayer of pleading in former action may be considered in determining whether doctrine of res judicata applies.*—In determining whether the doctrine of res judicata is applicable in a specific case, if the court is in doubt as to the matters involved in the former pleadings, the prayer of the pleading upon which the application of the doctrine is claimed may be considered. p. 314.

9. TRIAL.—*Court may only consider evidence on the issue as to which it was introduced.*—The court has no authority to consider or pass upon evidence in the determination of any question in the cause on which it was not offered as evidence. p. 318.

10. JUDGMENT.—*Conclusiveness of judgment on accounting.*—A judgment on accounting, not appealed from, is binding on the parties thereto, regardless of the source of the evidence on which it was based, the facts considered in its rendition, or the absence of any evidence or facts which could be properly considered in reaching a determination as to such accounting. p. 321.

11. JUDGMENT.—*What conclusively adjudicated by judgment on accounting.*—In a judgment on an accounting between the owner of realty and his trustee, who had been in possession and control thereof for many years, collecting rents and managing the property, all questions relating to the rents and profits of the real estate and matters incidental thereto, such as expenses incurred and services rendered in connection therewith, are conclusively adjudicated, but all other matters were not adjudicated, as they were outside the issues. p. 321.

12. PLEADING.—*Admissible under general denial.*—A defendant who has pleaded the general denial may, in addition to proof in denial of the facts alleged in the complaint, introduce proof of facts independent of those alleged in the complaint which are inconsistent therewith and tend to meet and defeat the plaintiff's cause of action. p. 321.

13. APPEAL.—*Admission and exclusion of evidence, brief insufficient to present the question.*—Objections to rulings of the court in admitting and excluding evidence will not be considered on appeal when appellant's brief fails to present any question thereon. p. 323.

From Grant Superior Court; *Robert F. Murray,* Judge.

Action by William H. Trook against Richard M. Crouch, Orin H. Trook and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Wilson D. Lett, Julian T. Lett* and *Ralston, Gates, Lairy, VanNuys & Barnard,* for appellant.

*G. D. Dean, Marshall Williams, Wolf & Barnes* and *C. W. Roll,* for appellees.

BATMAN, J.—Action by appellant against appellees, based in part on an account, consisting of 203 items, covering a period of almost ten years, and aggregating the sum of $5,640.15. The relief sought, as to said account, is a personal judgment against appellees, Orin H. Trook and Richard M. Crouch, with a decree adjudging the same to be a lien on certain real estate owned by them. The complaint was answered by general denials, and pleas of payment and former adjudication, on which issues were duly joined. The cause was submitted to the court for trial, and, on request, the court made a special finding of facts and stated its conclusions of law thereon, which were followed by a judgment in favor of appellees. Prior to the submission of the cause for trial, appellant filed a motion to have the same consolidated with a cause then pending in the Grant Circuit Court, which was overruled. After the court had made its special finding of facts and stated its conclusions of law thereon, but before the rendition of judgment, appellant filed a motion for a *venire de novo,* which was overruled. Appellant thereafter filed a motion for a new trial, which was overruled, and this appeal followed, based on an assignment of errors, which requires a consideration of the questions hereinafter determined.

Appellant contends that the court erred in overruling

his motion to consolidate this cause, which was pending in the Grant Superior Court, with a cause pending in the Grant Circuit Court. It appears to be a general rule, that, in the absence of statutory provisions, a consolidation of actions, even where permissible, cannot be demanded as a matter of right, but may be granted or denied, as the court in its discretion may determine, and its action in that regard will not be ground for reversal, unless such discretion was manifestly abused. 1 C. J. 1123; 1 R. C. L. 360; 1 Watson, Revision Works' Practice 731; *Grant* v. *Davis, Admr.* (1892), 5 Ind. App. 116; *Butler* v. *Secrist* (1909), 84 Nebr. 85, 120 N. W. 1109; *Hayward* v. *Mason* (1909), 54 Wash. 653, 104 Pac. 141; *Bond* v. *Nat. Fire Ins. Co.* (1916), 77 W. Va. 736, 88 S. E. 389; *Tracy* v. *New York, etc., R. Co.* (1909), 82 Conn. 1, 72 Atl. 156; *Miles* v. *Danforth* (1865), 37 Ill. 156. There are no statutory provisions in this state for the consolidation of causes, but courts may do so, in proper cases, by virtue of their inherent power. *Atkinson* v. *Disher* (1912), 177 Ind. 665. But we fail to find that such power has ever been invoked in this state for the consolidation of nondependent causes, instituted in different courts by separate plaintiffs, merely because the judgment rendered in each may affect the same *res. Vandalia Coal Co.* v. *Lawson* (1909), 43 Ind. App. 226. But, aside from this, no abuse of discretion is shown, which, on appeal, is, of itself, a sufficient answer to appellant's contention. There was no error in overruling the motion under consideration.

Appellant also contends that the court erred in overruling his motion for a *venire de novo.* He appears to base this contention on two grounds, viz.:

4. (1) That the court failed to make a finding as to certain facts essential to his right of recovery, which were clearly established by the evidence. (2)

That the finding of facts and conclusions of law are too indefinite and uncertain to authorize the rendition of a judgment thereon.  As to the first ground, it suffices to say, that where a finding of facts contains substance enough to support a judgment one way or the other, it will not be objectionable because it does not find on all of the issuable facts.  In such case, the remedy is by a motion for a new trial, and not by a motion for a *venire de novo*.  *Maxwell* v. *Wright* (1903), 160 Ind. 515; *Carnahan* v. *Shull* (1913), 55 Ind. App. 349; *Knight* v. *Kerfoot* (1915), 184 Ind. 31.  A careful examination of the record leads us to conclude that we would not be warranted in holding that appellant was entitled to a contrary ruling on the motion under consideration, based on said second ground.  The ruling of the trial court respecting said motion is, therefore, sustained.

Appellant finally contends that the court erred in overruling his motion for a new trial.  He bases this contention chiefly on the ground that the evidence does not sustain the material finding in favor of said appellees Trook and Crouch that all the matters in issue in the instant case, not expressly excepted, were fully adjudicated in a prior action in the Grant Circuit Court, designated therein as cause No. 14,059.  In support of this contention, appellant asserts that two of the principal issues tendered by him in his complaint in the instant case were not involved in said former action, viz.: his right to a personal judgment against said appellees on the account in suit, and his right to have the same decreed to be a lien on the real estate in question.  Appellees seek to limit the scope of our determination in this regard by asserting that appellant, by his complaint in this action, does not seek a personal judgment against them, but only to have the indebtedness evidenced by his alleged account decreed to be a lien on

certain real estate. We cannot agree with appellees' contention, as appellant's complaint, when fairly construed in the light of its controlling averments, must be held to be an action in which both elements of relief mentioned above are sought. This being true, we must consider whether the evidence shows, as found in the instant case, that both of said matters were fully adjudicated in said former action.

The record discloses that the pleadings in said former action are in evidence in the instant case; that they consist of a complaint by said Orin H. Trook against appellant and the said Richard M. Crouch, and a cross-complaint by said Crouch against appellant and said Orin H. Trook, both of which were answered by general denials, and also a cross-complaint by appellant against said Trook and Crouch, which was also answered by general denials. The substance of said complaint and cross-complaints is set out in the opinion of this court in said former case, as reported in 63 Ind. App. 272 under the title of Trook v. Trook. The statement there made, although comparatively brief, considering the length of the pleadings, is sufficiently full to relieve us of the necessity of restating the same here. It will be observed that said appellees sought, in said former action, by the complaint of the one and the cross-complaint of the other, to establish a trust in their favor in certain real estate which the evidence shows to be the same real estate involved in this action, and to obtain an accounting on the part of appellant as a trustee thereof, who, they alleged, held the legal title thereto; and that appellant, by his cross-complaint, sought to have his title to said real estate quieted against said appellees. The record further discloses that much of the evidence introduced in said former action was introduced in the instant case, which included, among other things, the items compos-

ing the account in suit, with the exception of one item, found not to be a proper charge against either of said appellees. The record also discloses that after the submission of the evidence in said former action, the court made the following finding, which was entered of record in said cause:

"Come the parties herein by their respective counsel, and the court having heretofore heard all the evidence and being well advised in the premises now finds that the plaintiff Orin H. Trook, and the defendant, Richard M. Crouch are the owners of the real estate described in the complaint and that the same is hereby held in trust for them by the defendant, William H. Trook, and that they are entitled to immediate possession thereof, together with the rents and profits accrued thereon to said Will H. Trook, less any proper credits against the same to be adjudicated at present term of court."

This was, in effect, an order against appellant for an accounting as to the rents and profits arising from his trust, but the record does not disclose that he made any accounting in pursuance thereof, or that any evidence was thereafter heard as to the state of appellant's account as such trustee, or upon any other subject or issue involved in said action, but it does appear that the court, thereafter at the same term, again made the same finding and order as to an accounting on the part of appellant, and also found, in effect, that appellant held the real estate in question in trust for appellees Trook and Crouch, that they were the owners of the same, and entitled to the immediate possession thereof; that they were entitled to have and receive, of the Flint Elevator Company, the sum of $312, more or less, being the full amount in its hands for grain produced on said real estate and sold by appellant; that they were entitled to recover of appellant, on account of the sale of a portion of the real estate belonging to his said trust, and on

account of rents collected therefrom by him, the sum of $175; and that appellant take nothing by reason of his said cross-complaint. The record further discloses that, following this finding, and as a part of the same entry, a judgment was rendered against appellant in favor of said appellees for $175, and that they recover the said sum of $312, more or less, in the hands of said Flint Elevator Company; that said appellees recover of appellant the immediate possession of the real estate involved in said action in the proportions therein adjudged, and an order was entered that he convey a portion of the same to said Crouch separately, and the remainder thereof to said Trook and Crouch jointly, as therein specifically stated, within ten days from July 1, 1911, and, on failure so to do, that William H. Carroll make said conveyance as a commissioner. The court also adjudged that appellant take nothing by his cross-complaint in said action, in which he sought to quiet his title to the real estate in question against appellees. The record discloses that the evidence in the instant case is voluminous, and that it would be impracticable to set it out in detail, but the above statement is at least such an outline as will make clear the questions with reference to the sufficiency of the evidence to sustain the finding in the particulars challenged. It is well settled that an adjudication in a prior action is conclusive upon all questions which were, or might have been, litigated and determined, *under the issues* in the action in which the judgment pleaded was rendered. *Fromlet* v. *Poor* (1892), 3 Ind. App. 425; *Mitten* v. *Caswell-Runyan Co.* (1912), 52 Ind. App. 521; *Hedges* v. *Mehring* (1917), 65 Ind. App. 586; *Wright* v. *Anderson* (1889), 117 Ind. 349; *Whitesell* v. *Strickler* (1906), 167 Ind. 602; *Walb* v. *Eshelman* (1911), 176 Ind. 253; *Henry* v. *Gant* (1921), 75 Ind. App. 218, 129 N. E. 408; *Knotts* v. *Clark, etc., Co.* (1921), 191 Ind. 354, 131 N.

E. 921. An examination of the pleadings in said former action discloses that appellee Trook, by his complaint, and appellee Crouch, by his cross-complaint, both of which were answered by general denials on the part of appellant, sought to establish a trust in their favor in certain real estate, which the evidence shows to be the same as is involved in the instant case, and to obtain an accounting on the part of appellant as a trustee thereof; and that appellant, by his cross-complaint, which was answered by general denials on the part of said appellees, sought to quiet his title to the same real estate. It is clear that, *under such issues,* no question of a lien on said real estate in favor of appellant was presented to the court for its determination, and, therefore, no such question could have been properly determined thereunder; and an examination of the judgment rendered discloses that no attempt was made to adjudicate any such question. True, the court found in said former action "that the defendant, William H. Trook, has no other right, title, or interest ·in and to said real estate, or any part thereof, except that he holds the bare legal title in trust for the plaintiff and said cross-complainant," but such finding was not only clearly without the issues, but no attempt was made to carry the same forward into the judgment rendered in said cause. Therefore, it must be disregarded, since the doctrine of *res adjudicata* only applies to such matters as are within the issues, and upon which judgment was or might have been pronounced. ·*Crum* v. *Rea* (1896), 14 Ind. App. 379; *Hutts* v. *Martin* (1893), 134 Ind. 587; *Whitney* v. *Marshall* (1894), 138 Ind. 472; *Roberts* v. *Leutzke* (1906), 39 Ind. App. 577; *Hedges* v. *Mehring* (1921), 76 Ind. App. 496, 130 N. E. 423. We may add, in this connection, in order to avoid possible confusion, that we fail to find any evidence in the instant case showing that it was adjudged in said former ac-

tion that appellant had no interest in the real estate in question except that of trustee, as might appear from the opinion of this court in said cause on appeal, *Trook* v. *Trook, supra.* In reaching the conclusion announced as to the issues involved in said former action, we have not been unmindful of certain statements in the complaint and cross-complaint of said appellees, to which our attention has been directed, pointing to questions other than those stated above, but, in view of the general scope and tenor of such pleadings, they must be considered as mere fragmentary or detached parts, which should have no controlling influence in determining the issues presented for determination. *Oölitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639; *Muncie, etc., Traction Co.* v. *Citizens, etc., Gas Co.* (1912), 179 Ind. 322; *National Fire, etc., Co.* v. *Smith* (1912), 55 Ind. App. 124; *Graham* v. *Henderson, etc., Co.* (1916), 60 Ind. App. 697. Moreover, if we were in doubt as to the theory of the complaint and cross-complaint of appellees, and should look to the prayers thereof for light in that regard, as we would be justified in doing in that event, we would be confirmed in the conclusion we have announced. *Gates* v. *Sweet* (1915), 58 Ind. App. 689; *Barnum* v. *Rallihan* (1916), 63 Ind. App. 349.

A further examination of the pleadings in said former action will disclose that no question of any amount due appellant from said appellees was within the issues, except such as might arise from an accounting on the part of appellant in his trust capacity, in the event he should be adjudged a trustee, and ordered to account as such. It follows that the mere fact that the account in suit was introduced in evidence, in connection with other matters, in determining whether appellant held the real estate in question as the absolute owner or as a trustee, and should be ordered to account as such, affords no basis

for the rendition of a money judgment. The record before us does not show that said account was introduced in evidence in said former action when any question was before the court for its determination except those indicated above, and hence, without an agreement of the parties, which the record fails to disclose, the court had no authority to consider or pass upon it, in the determination of any question in said cause on which it was not offered as evidence. We make these statements in view of the generally recognized rule of procedure in actions of this character, which is stated in a recent legal treatise as follows:

"Upon an application for an account, the only question to be considered is whether the account shall be taken—plaintiff's right to the accounting and defendant's liability to render the account—and therefore the only evidence necessary upon the hearing at this stage is that which shows the particular right and liability and matters which are properly for consideration as to the state of the accounts will not be inquired into." 1 C. J. 643.

This statement was quoted with approval in the case of *Underdown, Exrx.,* v. *Underdown* (1921), 270 Pa. 229, 113 Atl. 192, in which the court said: "The question as to whether a complainant in a bill in equity for an account is entitled to a decree for an accounting, is a preliminary one, and has nothing to do with what will ultimately be shown by the account. Once a plaintiff has made clear his right to an account, the decree for an accounting necessarily follows; the plaintiff in this threshold inquiry is not called upon to establish the amount due, only the right to have an investigation of what is due."

The same rule was recognized in the case of *Kennedy* v. *Tranquility, etc., Co.* (1915), 84 N. J. Eq. 632, 95 Atl. 115, in which the court said: "In bills for an

accounting there are always two inquiries. The first is whether the complainant is entitled to an account at all; the other relates to the state of the account. For the purpose of determining the first question the court listens to evidence upon the original hearing tending to develop the fact of liability. Chancellor Green, says in *Hudson* v. *Trenton Locomotive Co., 16 N. J. Eq. 475*, that upon a bill for account the only material evidence upon the original hearing is that which conduces to prove the complainant's right to an account, and that the ordinary decree is that an account shall be taken. On the original hearing, therefore, the court will determine whether the defendant is bound to account, and if so, will settle the principles upon which the account must be taken."

In the case cited in the quotation last given, the court, in considering what evidence should be heard on the preliminary hearing, in an action for an accounting, said: "Evidence as to the particular items of the account is irrelevant at this stage of the cause." In the case of *Collyer* v. *Collyer* (1861), 38 Pa. St. 257, the court made the following statement with reference to the procedure under consideration:

"This case was evidently tried improperly, and therefore it comes before us in a shape that does not entitle it to decision by us. The preliminary question of the cause, the defendant's liability to account, was not distinguished from the question how much would be due on the account, and therefore there was no preliminary decree for or against the right to an account, and the bill, answers, and testimony contain an indiscriminate mixture of allegations and evidence on both these questions, and we have nothing to show which of them was decided against the plaintiff." See, also, *Barrett* v. *Henry* (1888), 85 N. C. 321; *Wilhelm* v. *Caylor, Exr.* (1869), 32 Md. 151.

The trial court, in the instant case, it will be observed, recognized this rule of procedure, by hearing evidence which led to a finding, in effect, that appellant held the legal title to the real estate in question in trust for said appellees, and not as the owner thereof; and that said appellees were entitled to recover all rents and profits accrued therefrom to appellant, less any proper credits against the same to be adjudicated at that term of court.

While the court, in effect, made an order against appellant for a limited accounting in relation to the real estate which it found he held as trustee for said appellees, viz.: for the rents and profits arising therefrom, the record does not show that such an accounting was ever made or had in any manner. However, the court thereafter rendered judgment against appellant in favor of said appellees for $175, and ordered that they recover of the Flint Elevator Company the sum of $312, more or less, in its hands on account of grain produced on said real estate, which we must assume is a judgment on accounting, as that was the only matter in which the issues authorized the rendition of a money judgment, except for costs. The correctness of such an assumption is confirmed by the finding on which such judgment is based. *Evans* v. *Schafer* (1882), 86 Ind. 135; *Levy* v. *Chittenden* (1889), 120 Ind. 37; *Board, etc.,* v. *Fertich* (1897), 18 Ind. App. 1. This judgment on accounting, being in full force, as the evidence shows, is binding upon the parties thereto, regardless of the source of the evidence on which it was based, the facts considered in its rendition, or the absence of any evidence or facts, which could be properly considered in reaching a determination as to such accounting. Such matters could only be considered on an appeal from that judgment, and cannot

serve to impeach the same in the instant case. But what matters were thereby adjudicated? Certainly none except those properly belonging to the accounting involved in this action, viz.: those relating to the rents and profits of the real estate in question, and matters incidental thereto, such as expenses incurred and services rendered in connection therewith. As to all such matters, the parties to the judgment in said former action are bound, for the reasons stated, and hence no one can urge in this action that any matter properly belonging to said accounting was not considered and determined in the rendition of said judgment. In other words, it constitutes a conclusive adjudication of all such matters. But, while this is true, it is equally true that it cannot be held to be an adjudication of any other matter, since there was no issue involving anything extraneous thereto. Such an issue might have been formed, but said appellees failed to tender it, and appellant was under no obligation to do so. *Griffin* v. *Wallace* (1879), 66 Ind. 410; *Howe* v. *Lewis* (1889), 121 Ind. 110; *Finley* v. *Cathcart* (1897), 149 Ind. 470; *Franke* v. *Franke* (1896), 15 Ind. App. 529; *Linderman Machine Co.* v. *Hillenbrand Co.* (1921), 75 Ind. App. 111, 127 N. E. 813; *Henry* v. *Gant, supra.* Appellees cannot rightfully contend that, since the account in suit was in evidence in the former action when the issues were being tried as to whether appellant held the real estate in question as the absolute owner or as a trustee, and as to whether he should be required to render an accounting, that it was in evidence for all purposes, and, therefore, its adjudication will be presumed. It will be observed that appellant, in said former action, was not only seeking to quiet his title to the real estate in question under his cross-complaint, but was also contesting the claim of appellees that he held the same as a trustee for their benefit, under his general denials to

their complaint and cross-complaint. It is clear that said account was competent as tending to establish his title under his affirmative pleading, and equally clear that it was competent to establish his defense under his general denials of the issues tendered by appellees, since he was entitled thereunder to introduce proof of facts independent of those alleged by them which were inconsistent therewith, and tended to meet and break down their respective causes of action. *Weaver* v. *Brown* (1912), 51 Ind. App. 379; *Horn* ·v. *Lupton* (1914), 182 Ind. 355. The mere fact that appellant availed himself of that right did not authorize the court to consider the same in an accounting subsequently ordered, in the absence of any evidence that it was submitted for such purpose, or of an agreement that it should be considered in that connection. This would be especially true as to any matters not connected with the accounting ordered. Under the evidence in this case, which fails to show that all of the 203 items which form the account in suit, were involved in the accounting ordered, we are compelled to hold that the judgment in said former action can only be accepted as an adjudication of such portion thereof as appellant would have been required to present had he rendered an account as ordered or lose his right to assert the same thereafter. For the reasons stated, we are led to conclude that the finding challenged by appellant is not sustained by the evidence, either as to an adjudication of the account in suit as a whole, or as to appellant's right to a lien therefor on the real estate in question.

Appellant complains of certain rulings of the court with reference to the admission and rejection of certain evidence, but an examination of his brief discloses that he has failed to present any question in this regard, as the decisions in the following cases will confirm. *Johnson* v. *Gephart* (1917), 65 Ind.

App. 322; *Modern Woodmen, etc.,* v. *Ball* (1921), 77 Ind. App. 388, 131 N. E. 539; *Thomas* v. *Hennes* (1922), 78 Ind. App. 275, 135 N. E. 392.

For the reasons stated, we hold.that the court erred in overruling appellant's motion for a new trial.

Judgment reversed, with instruction to the trial court to sustain said motion, and for further proceedings consistent with this opinion.